BENJAMIN E. COHN and Another, Copartners, Doing Business as COHN & LUBOW, Respondents, v. SCHULTZ-COSTLOW CO., INC., Succeeded by MISHKOFF COSTELLO COMPANY, Appellant.

First Department, April 11, 1930.

*Louis J. Paley* of counsel [*Henry Hofheimer* and *Milton Mansbach* with him on the brief; *Lachman & Goldsmith*, attorneys], for the appellant.

*Frank E. Nowve* of counsel [*Philip I. Schick*, attorney], for the respondents.

O'MALLEY, J.   The nature of the action and the substance of the allegations of the complaint are sufficiently set forth in the opinion of Mr. Justice McAvoy.   Assuming the action is not within the principle of our memorandum decision in *Carton* v. *Rubel Corp.* (228 App. Div. 689), we are of opinion that the complaint shows a contractual obligation to redeem.   It is alleged that the defendant has refused not only to declare dividends, but also to comply with a request that the stock " be redeemed in accordance with the terms of the certificate of stock."   It must be assumed from this allegation that the obligation to redeem was a part of the stock certificate and passed as a part thereof to subsequent holders.   Whether plaintiffs' remedy, predicated upon such obligation, is one in equity or is by an action at law for damages, need not now be determined.   In either aspect the complaint as a mere pleading is sufficient.

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within twenty days from service of order upon payment of said costs.

FINCH and MARTIN, JJ., concur; DOWLING, P. J., and McAVOY, J., dissent.

McAVOY, J. (dissenting).   Plaintiffs brought an equity suit praying for judgment on their own behalf and on behalf of stockholders of the same grade that the defendant be directed to redeem certain shares of stock at par value with accumulated interest; or, in the alternative, to declare a dividend out of the surplus of the defendant corporation at a rate which shall seem equitable.

A motion was made to dismiss the complaint under rule 106 of the Rules of Civil Practice on the ground that it appears on the face of the complaint that the court has no jurisdiction of the subject-matter of the action, and, further, that it appears from the complaint itself that no cause of action is stated.

Our view is that the complaint should have been dismissed and that both grounds are valid bases for such a judgment.   The relief asked for in the complaint seeks an actual interference in the internal management of a foreign corporation, and the rule has been recognized for many years that such internal manage-

ment of a foreign corporation should be left entirely in the State of its origin. Since the business and membership of foreign corporations might extend throughout many States, various States might assume jurisdiction in like actions, and the decisions of the courts might be divergent, different rules of law and procedure would prevail, and such foreign corporations might be called upon to account in various States and be relieved from such accounting by the decrees of the courts of other States.

The complaint shows that this defendant is a foreign corporation; that the plaintiff seeks a direction that the board of directors of the corporation declare a dividend; or, in the alternative, that they be directed to redeem shares of stock. Obviously the former relief would require an interference in the internal affairs of a corporate body not organized under our laws, and, since the complaint is not based upon any allegation of a contractual liability to redeem the stock, or to declare dividends thereon at precise times and amounts, no cause of action of which this court will take cognizance is stated.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to dismiss granted, with ten dollars costs.

DOWLING, P. J., concurs.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within twenty days from service of order upon payment of said costs.