SOPHIE FOX, Respondent, *v.* ALLIED STORES CORPORATION, Appellant.

First Department, December 23, 1937.

*Inzer B. Wyatt* of counsel [*Sullivan & Cromwell*, attorneys], for the appellant.

*Manuel Tancer*, for the respondent.

O'MALLEY, J. A dismissal of the complaint was sought upon the ground that our courts should decline to exercise jurisdiction for the reason that the action seeks to regulate the internal affairs of a corporation organized in the State of Delaware.

The first cause of action shows that the defendant is a Delaware corporation organized in 1928. On June 17, 1935, a recapitalization and reclassification plan was effected under the laws of the State of Delaware. Prior thereto the defendant's issued and outstanding capital stock consisted of 213,569 shares of six and one-half per cent cumulative preferred stock, and 1,357,489 shares of common stock. The preferred stock was entitled to cumulative dividends at the rate of six and one-half per cent per annum before the payment of any dividends on common stock. On April 1, 1935, the arrears of dividends on the preferred stock amounted to $21.125 per share.

The plaintiff owned fifty shares of six and one-half per cent cumulative preferred stock prior to the plan of recapitalization. Under the plan the shares of cumulative preferred were changed to shares of five per cent preferred stock cumulative only from July 1, 1935, and each holder of the original preferred received, for each share held, a debenture of defendant having a stated value of fifteen dollars, two shares of common stock of the defendant and three dollars in cash.

It is asserted defendant's plan of recapitalization and reclassification was unlawful and not within the power of the defendant and that the vested and contractual rights of the plaintiff and other preferred stockholders were violated; that plaintiff did not vote in favor of the plan and did not consent or acquiesce therein, and that by duress and because of unlawfully asserted power on the part of the defendant to thus reclassify its preferred stock, plaintiff was induced to transmit her shares of cumulative preferred to the defendant in exchange for the new issue of five per cent cumulative preferred. The defendant has not paid the dividend arrears of $21.125 which existed prior to recapitalization.

It is further alleged that on January 1, 1937, the defendant declared a dividend of twenty cents per share on its common stock in violation of the vested and contractual rights of the preferred stockholders to be paid cumulative dividends before any payment of dividends on any other class of stock. Plaintiff has tendered her fifty shares of new five per cent cumulative preferred stock to the defendant and other securities and property received by her

in exchange for her old stock, has made demand on defendant for payment of dividend arrears as of April 1, 1935, but the defendant has failed to accept or comply with this tender of payment.

The second cause of action repeats the factual allegations already summarized, and further shows that, in connection with the plan of recapitalization, stockholders were advised by the defendant and believed that, under the law of Delaware, the rights of the preferred stockholders to accumulated dividends could be cut off and extinguished by this recapitalization; that the Circuit Court of Appeals for the Second Circuit had rendered a decision so interpreting the law of Delaware, and that shortly after the adoption of the plan, the Court of Chancery of Delaware also rendered a decision so interpreting the Delaware law. However, on November 10, 1936, the Supreme Court of Delaware reversed the decision last referred to and held that under the laws of Delaware the right to accumulated dividends could not be thus cut off or extinguished.

It is then alleged that the preferred stockholders are not prevented from collecting accumulated dividends as of April 1, 1935, because they voted in favor of the recapitalization, and that such stockholders are now entitled to receive and collect such dividends. Based upon the allegations of these two causes of action the plaintiff prays for a decree (1) to restrain the defendant from paying dividends upon its common stock until plaintiff and other preferred stockholders have been paid the accumulated dividends on the six and one-half per cent cumulative preferred stock held by them; and (2) compelling defendant to pay to plaintiff and other preferred stockholders $21.125 per share as alleged dividend arrears.

The motion for dismissal was denied upon the ground that the purpose of the action was to assert plaintiff's rights to accumulated dividends on preferred stock and that the regulation of the internal affairs of the defendant was not involved. However, as already appears, the only relief prayed for is that defendant be compelled to pay to plaintiff and others similarly situated unpaid accumulated dividends and, further, that it be enjoined from paying dividends on its common stock until payment of accumulated dividends.

In our view the granting of such relief would involve interference with the internal affairs of a foreign corporation (*Rogers* v. *Guaranty Trust Co.*, 288 U. S. 123; *Cohn* v. *Mishkoff Costello Co.*, 256 N. Y. 102; *Bickart* v. *Kelly-Springfield Tire Co.*, 243 App. Div. 72), and in the circumstances, this court should not assume jurisdiction. The Delaware decision (*Keller* v. *Wilson & Co.*, 190 Atl. 115) relied upon by plaintiff is not determinative of the question here. As we read that authority, it is merely to the effect that, if plaintiff succeeds in establishing her right to rescind the transaction whereby

she transferred her accumulated preferred stock to the defendant in exchange for the new issue, she might be entitled to an adjudication that she had a vested right in unpaid accumulated dividends. In this connection, however, it is to be noted that plaintiff here was not a protesting stockholder.

It follows, therefore, that the order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted.