RALPH B. STRASSBURGER, Suing on Behalf of Himself and All Other Stockholders of THE SINGER MANUFACTURING COMPANY Similarly Situated, Respondent, *v.* THE SINGER MANUFACTURING COMPANY and Others, Appellants.

(Consolidated Appeals.)

MAY BOURNE STRASSBURGER and JOHANN ANDREAS PETER STRASSBURGER, as Beneficiaries of a Certain Trust Estate Created under and by the Last Will and Testament of FREDERICK G. BOURNE, Deceased, Suing on Behalf of Themselves and on Behalf of All Other Stockholders of THE SINGER MANUFACTURING COMPANY, Respondents, *v.* THE SINGER MANUFACTURING COMPANY and Others, Appellants, Impleaded with ARTHUR KEELER BOURNE as Cotrustee under the Terms and Provisions of the Last Will and Testament of FREDERICK G. BOURNE, Deceased, Defendant.

(Consolidated Appeals.)

First Department, March 13, 1942.

*Theodore Kiendl* of counsel [*Porter R. Chandler* and *Howard S. Tuthill* with him on the brief; *Davis, Polk, Wardwell, Gardiner & Reed*, attorneys], for the appellants.

*A. Lincoln Lavine* of counsel [*Arthur Richenthal*, attorney], for the respondents.

TOWNLEY, J.   These two actions are brought (1) by a small stockholder in The Singer Manufacturing Company and (2) by the life beneficiary· and a remainderman of a trust which holds a block of the same stock.   The complaint demands a declaration of a dividend on the theory that the surplus shown on the balance sheet of the defendant company indicates large investments in securities which are not necessary for corporate purposes and which are, therefore, available for dividends.   The complaint does not state what the dividend record of the company has been to date.

The motions herein were made to dismiss the complaint on several grounds: (a) For failure to state a cause of action because insufficient facts were alleged to justify the relief demanded; (b) on the ground that the beneficiaries of the trust in the second cause of action lack the capacity to sue; and (c) as to both causes of action on the ground that the claims, if any, involve the internal management of a foreign corporation over which the courts of this State should decline to assume jurisdiction.   We find it unnecessary to pass upon the first two grounds urged since we hold that the third objection is well taken and requires a dismissal of the complaint.

The Singer Manufacturing Company is a New Jersey corporation. The only question.raised in this complaint is whether a dividend should be declared.   This is a matter of the internal management of the corporation and in the absence of bad faith the judgment of the directors, of course, is final.   In *Cohn* v. *Mishkoff Costello Co.* (256 N. Y. 102) it was held that the courts of New York will not take jurisdiction in ordinary cases to regulate the internal affairs of a corporation. which ought to be managed under the laws and by the direction of the courts of the State or country where it is organized.   As was said by McAvoy, J., in his dissenting opinion in the *Cohn* case when it was before the Appellate Division (*Cohn* v. *Schultz-Costlow Co., Inc.*, 229 App. Div. 174): " The relief asked for in the complaint seeks an actual interference in the internal

management of a foreign corporation, and the rule has been recognized for many years that such internal management of a foreign corporation should be left entirely in the State of its origin. Since the business and membership of foreign corporations might extend throughout many States, various States might assume jurisdiction in like actions, and the decisions of the courts might be divergent, different rules of law and procedure would prevail, and such foreign corporations might be called upon to account in various States and be relieved from such accounting by the decrees of the courts of other States." A similar result was reached by the Supreme Court of the United States in *Rogers* v. *Guaranty Trust Co.* (288 U. S. 123).

The fact that the records of the company are kept in New York city is no reason for departing from the usual rule. The production of all records can easily be compelled by the courts of New Jersey through their control over the corporation.

Some question has been raised as to the ability to acquire jurisdiction of the directors in New Jersey. It seems clear that the directors are not necessary parties to such an action in New Jersey. (*Stevens* v. *U. S. Steel Corp.*, 68 N. J. Eq. 373; 59 A. 905.) If the plaintiffs desire, however, to include them, it was stipulated on the argument that they will all appear in any action brought in New Jersey.

The orders of November 13, 1941, should be reversed, with twenty dollars costs and disbursements to the appellants, and the motions to dismiss the second amended complaint granted.

The appeals from the orders of October 1, 1941, should be dismissed.

In each action: MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

In each action: Order entered November 13, 1941, unanimously reversed, with ten dollars costs and disbursements, and the motion to dismiss the second amended complaint granted. Appeal from order entered October 1, 1941, unanimously dismissed.