FRED LANGFELDER et al., Appellants, *v.* UNIVERSAL LABORATORIES, INC., Respondent.

Argued June 13, 1944; decided July 19, 1944.

*Charles Rosenbaum* and *Maurice Gellar* for appellants. The courts of the State of New York should not reject jurisdiction of a cause of action on contract against a foreign corporation for a sum of money alleged to be due and in default. (*Travis v. Knox Terpezone Co.*, 215 N. Y. 259; *Equitable L. A. Society v. U. P. R. R. Co.*, 212 N. Y. 360; *Gregonis v. P. & R. Coal & Iron Co.*, 235 N. Y. 152; *Sauerbrunn v. Hartford Life Ins. Co.*, 220 N. Y. 363.)

*Orison S. Marden* for respondent. I. The Special Term properly declined to take jurisdiction of the action. (*Cohn v. Mishkoff Costello Co.*, 256 N. Y. 102; *Sternfeld v. Toxaway Tanning Co.*, 290 N. Y. 294; *Bickart v. Kelly-Springfield Tire Co.*, 243 App. Div. 72; *Miesse v. Seiberling Rubber Co.*, 264 App. Div. 373; *Koster v. Shenandoah Corp.*, 258 App. Div. 1079, 283 N. Y. 778; *Nothiger v. Corroon & Reynolds Corp.*, 266 App. Div. 299; *Harris v. Weiss Engineering Corp.*, 267 App. Div. 96; *Graybar Electric Co. v. New Amsterdam Casualty Co.*, 292 N. Y. 246; *Cohen v. American Window Glass Co.*, 126 F. 2d 111; *Rogers v. Guaranty Trust Co.*, 288 U. S. 123.) II. In declining jurisdiction, the Special Term exercised a judicial discretion and appellate review is limited to determining whether there has been an abuse of such discretion. (*Rogers v. Guaranty Trust Co.*, 288 U. S. 123; *Koster v. Shenandoah Corp.*, 258 App. Div. 1079; *Murnan v. Wabash Railway Co.*,

246 N. Y. 244; Civil Practice Act, § 605; *Wedemann* v. *United States Trust Co.,* 258 N. Y. 315; *Matter of Cornell,* 267 N. Y. 456.)

RIPPEY, J.: The Vadsco Sales Corporation and Delettrez, Inc., a wholly owned subsidiary of the former, were and are corporations organized and existing under the laws of the State of Delaware. On June 29, 1943, the two corporations merged by written agreement and the name of the former as the continuing corporation under the merger was changed to Universal Laboratories, Inc. The agreement was approved by the requisite vote of stockholders representing more than two thirds of the total outstanding capital stock of each of the merging corporations as required by the Corporation Law of Delaware (see §§ 26, 59, 59A, 61, referred to in the complaint and other moving papers) and the merger became effective under that law on the aforesaid date.

The corporate stock of Vadsco Sales Corporation before the merger consisted of 7% cumulative preferred stock of a par value of $100 per share and a liquidating value of $110 per share plus accumulated unpaid dividends with interest and certain other preferential rights and common stock of no par value. Delettrez, Inc., had a common stock issue of a par value of $100 per share. The purpose of the merger was to effect a reorganization and recapitalization of Vadsco Sales Corporation. To effect that purpose, by the merger agreement, among other things, the certificate of incorporation of Vadsco and its bylaws are, in some important respects, amended, its capital stock is reduced and reclassified, its obligation to pay cumulated preferred stock dividends accruing prior to the merger is terminated, the new preferred stock has no par value but a stated liquidating value of $50 per share with annual dividends of $2.50 per share, and the new common stock has a par value of $1 per share. The rights of preferred stockholders are, in some few respects, increased, but, in many more important respects, circumscribed or curtailed and a management committee is given options to purchase common stock over a period of five years at varying prices. Automatically, on the day the merger became effective, each share of preferred stock of Vadsco was converted into one share of the new preferred stock and five shares of the common stock of Universal.

In the certificate of incorporation of the Vadsco Sales Corporation and in its stock certificates, it was provided that, " In the event of any reduction in the capital stock of the corporation resulting in a reduction of the preferred stock either as to number of shares or as to the par value thereof, except a reduction in the number of shares thereof for the purpose of effecting a statutory cancellation of preferred stock purchased for retirement or redeemed, or in the event of a voluntary dissolution of the corporation, the holders of the shares of said preferred stock affected by such reduction and to the extent thereof, or affected by voluntary dissolution, shall be entitled to receive and shall be paid an amount in cash not less than one hundred and ten percent (110%) of the amount of the reduction or in the case of voluntary dissolution one hundred and ten percent (110%) of the par value of their shares, and in any case all cumulated and unpaid dividends thereon and a sum equal to a dividend at the rate of seven percent (7%) per annum from the last dividend date to the date of such reduction or voluntary dissolution."

Plaintiffs, residents of New York City, are the owners of 370 shares of the preferred stock of the Vadsco Sales Corporation. They assert that the merger was ineffective under Delaware law to cut off their rights and interests in the preferred stock of Vadsco and that those rights must be determined as they existed prior to the merger. On that theory, it is shown that plaintiffs would be entitled to receive from defendant the difference between $110 and $50 par value and the accumulated annual unpaid dividend of 7% per share on each share of preferred stock held by them. Plaintiffs, in their complaint in equity, as nonassenting stockholders of Vadsco to the merger and upon appropriate allegations, set out in eight causes of action, seek judgment declaratory of their rights in the premises, that those rights as stockholders as they existed before the merger were not affected by the merger and that defendant be directed to pay them the difference between $110 per share as the declared value of their stock since the defendant reduced the number of shares of its stock and $50 per share as fixed in the merger agreement and additionally issue to them one share of the new preferred stock plus five shares of the new common stock or, *in the alternative,* declaring that the cumu-

lated unpaid dividends on their preferred stock were not affected, impaired or satisfied by the merger and that they are entitled to be paid those dividends before any other dividends are paid, directing defendant to issue to them the substituted stock specified in the merger agreement without requiring them to surrender their right to unpaid dividends on the Vadsco stock, restraining the defendant from declaring or paying any dividend upon the new stock of defendant without first providing for the payment of the unpaid accrued dividends on their Vadsco stock, for a temporary injunction from so doing and for such other relief as might be appropriate.

There are cases in which our courts will entertain jurisdiction in suits against foreign corporations where suitors, even stockholders, are entitled to some relief which the State court is competent to grant. But it is well settled that jurisdiction in any case will be declined either in the absence of jurisdiction in the strict sense or where a determination of the rights of litigants involves regulation and management of the internal affairs of the corporation dependent upon the laws of the foreign State or where the court in which jurisdiction is sought is unable to enforce a decree if made or where the relief sought may be more appropriately adjudicated in the courts of the State or country to which the corporation owes its existence (Fletcher, Cyclopedia of the Law of Private Corporations, vol. 17, §§ 8426–8429; *Bickart* v. *Kelly-Springfield Tire Co.*, 243 App. Div. 72; *Travis* v. *Knox Terpezone Co.*, 215 N. Y. 259; *Cohn* v. *Mishkoff Costello Co.*, 256 N. Y. 102; *Sternfeld* v. *Toxaway Tanning Co.*, 290 N. Y. 294; *Nothiger* v. *Corroon & Reynolds Corp.*, 293 N. Y. 682; *Cohen* v. *American Window Glass Co.*, 126 F. 2d 111).

The fact that the third and seventh causes of action seek a money judgment on the basis of an alleged breach of the contract under which plaintiffs hold the Vadsco stock, which plaintiffs particularly urge as a ground for entertaining jurisdiction, does not change the application of the above-mentioned rules to this case since recovery thereunder may not be had if the merger agreement is valid and binding on the plaintiffs. A representative action was brought in the Chancery Court of the State of Delaware in behalf of *all* holders of the preferred stock of Vadsco as their rights in such stock existed before

the merger to enjoin Vadsco from consummating the then proposed agreement of merger in which action were involved some of the same objections to the agreement which are set up in the instant complaint. That action, were plaintiffs therein successful, would seem to afford plaintiffs the basic relief which they now seek in the instant case. (*Porges* v. *Vadsco Sales Corporation,* 32 Atl. 2d 148.) An injunction restraining the merger *pendente lite* was refused. We are not advised whether that action is still pending. What rights of plaintiffs as preferred stockholders of Vadsco may have been or may be affected by the outcome of that action depends upon the statutory and decisional law of the State of Delaware. In any event, the merger has been accomplished in fact. In the complaint in the instant case, plaintiffs admit that fact. Though the merger is admittedly accomplished, they seek in the third and seventh causes of action to secure a money judgment for the amount by which they claim their stock was depreciated in value by the merger and for unpaid dividends thereon and a decree restraining the *operation of the agreement* until that amount has been determined and judgment therefor granted. It is not a simple contract on which they sue in which the rights and obligations of the parties are plainly written into the contract a violation of which constitutes a breach giving rise to recovery of a money judgment in a court of law. The laws of the State of Delaware where Vadsco was incorporated as affecting the validity, construction and performance of the contract when made and the laws of that State applicable to the enforcement of the contract and the remedy for its breach, providing no substantial right secured by the contract is by the latter impaired, form a part of it with the same force and effect as though they were expressly referred to or incorporated in its terms (*Home Bldg. & L. Assn.* v. *Blaisdell,* 290 U. S. 398; *People ex rel. City of New York* v. *Nixon,* 229 N. Y. 356, 360–361). Under the laws of that State, a merger is apparently authorized and given effect except under exceptional circumstances but, in any event, a nonassenting stockholder may refuse to accept the merger and obtain money for the value of his stock by proceeding according to the terms of the statute (*Porges* v. *Vadsco Sales Corporation, supra*). In the

instant case, said causes of action on contract may not be resolved into a money judgment, if at all, except upon a review of the statutes and decisions of Delaware which, under the circumstances, would at least be unseemly and inappropriate for our courts to undertake (cf. *Cohen* v. *American Window Glass Co., supra*). Additionally, entertainment of jurisdiction by our courts would necessarily involve regulation and management of the internal affairs of a corporation dependent upon the laws of the foreign State. " Considerations of convenience, efficiency and justice point to the courts of the domicile of the corporation for settlement of the issues presented and necessarily involved in a complete determination of the present case " (*Sternfeld* v. *Toxaway Tanning Co., supra*, p. 297). Nor will the fact that the several corporations have their manufacturing plant and a place of business where the principal business affairs of the corporation are transacted and their records kept within the State of New York change the application of the rule (*Sternfeld* v. *Toxaway Tanning Co., supra*).

It follows that the discretion exercised by the lower courts in declining jurisdiction was not abused.

The judgment should be affirmed, with costs. (See 293 N. Y. 767.)

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment affirmed.