Carroll M. Roberts, J.
The plaintiff, as the owner of 43 shares of the preferred stock of the defendant company, a Florida corporation, brought the present action to compel the redemption of said stock and the payment of cumulative dividends thereon. Plaintiff seeks to recover the redemption price of $110 per share together with $208 per share accrued dividends. Judgment is demanded against the defendant for $13,674.
Defendant has appeared specially and moved to vacate the service of the summons and to dismiss the complaint. The motion is based upon two grounds: (1) that defendant is a foreign corporation not doing business in the State of New York and hence that the court has no jurisdiction, and (2) that the action involves the regulation and management of the internal affairs of the corporation, and hence such issues should properly be determined in the courts of Florida and that the New York court should decline to accept jurisdiction.
The rule is well settled that the New York courts will decline jurisdiction where the suit involves the internal regulation and management of a foreign corporation or where the courts of this State would be unable to enforce a decree if granted or where the relief sought may be more appropriately adjudged in the courts of the State to which the corporation owes its existence. (Langfelder v. Universal Labs., 293 N. Y. 200; Cohn v. Mishkoff Costello Co., 256 N. Y. 102; Sauerbrunn v. Hartford Life Ins. Co., 220 N. Y. 363; Travis v. Knox Terpezone Co., 215 N. Y. 259; Rogers v. Guaranty Trust Co., 288 U. S. 123.)
*473 Plaintiff asserts that the present action does not come within the foregoing rule, claiming that it is simply an action upon a contract made with a stockholder in which the stockholder demands a money judgment against the corporation.
The complaint alleges that the defendant was incorporated under the laws of Florida in 1922 having its principal place of business at Miami, Florida, and that the plaintiff is the owner of 43 shares of its preferred stock out of a total of 1,880 shares issued. It also appears that there are 3,662 shares of common stock issued. The complaint further alleges that the preferred stock is entitled to an 8% cumulative dividend and that no dividends have been paid on said stock since 1930 and that such accrued dividends now amount to $208 per share. The complaint further alleges that according to the preferred stock certificates said stock is redeemable at the option of the company three years after date of issue at $110 per share and accrued dividends and that the redemption of said stock in the manner prescribed is mandatory 10 years after date of incorporation of the company.
The complaint further alleges that the preferred stock certificates provide that upon dissolution or liquidation of the corporation the preferred stockholders shall be paid the par value of such stock plus $10 per share plus accrued dividends before any sum shall be paid or any assets distributed among the holders of the common stock.
The complaint further alleges that redemption of plaintiff’s 43 shares of stock will not impair the capital of the corporation and that the directors of the corporation have determined to dissolve the same and that said corporation is in fact in process of liquidation and dissolution and that demand for redemption of plaintiff’s stock has been made and said demand refused.
If liquidation and dissolution proceedings are now in process as alleged in the complaint, such proceedings are necessarily in the courts of Florida. Such proceedings will determine the amount to be paid preferred stockholders dependent upon the assets and liabilities of the corporation. Any such distribution to the preferred stockholders would be made pro rata. If plaintiff succeeds in obtaining the relief it demands in the present action, it may obtain judgment for a sum greater than it would be entitled to in the dissolution proceedings. If other preferred stockholders brought similar actions in this or other States, similar judgments might be obtained. It seems quite obvious that any such judgment or judgments would involve the internal affairs of the corporation and might seriously impair and interfere with the orderly conduct of the dissolution proceedings *474 and might result in unequal distribution to holders of the preferred stock.
Even in the absence of the pendency of any dissolution proceedings, a judgment requiring the redemption of the preferred stock and the payment of accrued dividends to one stockholder might place the corporation under a duty to redeem all of its preferred stock and pay all of the accumulated dividends. This might illegally impair the capital of the corporation (Topken, Loring & Schwartz v. Schwartz, 249 N. Y. 206), or it might necessitate a change in the entire corporate structure. This certainly would involve the internal affairs of the corporation which should properly be regulated by the courts of Florida. In Cohn v. Mishkoff Costello Co. (256 N. Y. 102, supra) an almost identical situation was before the court. The stock certificates issued by the defendant corporation in that action provided that they were redeemable 10 years after date at par value and accumulated interest. An action was there brought by a stockholder to compel the redemption of his stock at par with accumulated interest or, in the alternative, to compel the defendant to declare a dividend out of surplus. The Appellate Division in that case declined to dismiss the complaint, holding that the cause of action was one based simply upon a contractual liability to redeem the stock (229 App. Div. 174). The Court of Appeals unanimously reversed and dismissed the complaint, stating (p. 105) that “ Considerations of convenience, of efficiency and of justice point to the courts of Indiana as the appropriate tribunals to regulate the internal affairs of the defendant corporation ’ ’. Complaints in actions brought to compel the declaration and payment of a dividend have likewise been dismissed upon the same ground. (Strassburger v. Singer Mfg. Co., 263 App. Div. 518; Fox v. Allied Stores Corp., 252 App. Div. 675.)
Plaintiff here relies on the decision in Travis v. Knox Terpezone Co. (215 N. Y. 259, supra). In that action the relief asked was that defendant be directed to transfer shares of stock into the name of the plaintiff. Obviously such relief could be granted without in any way involving the internal affairs of the corporation. Plaintiff further seeks to distinguish the case of Cohn v. Mishkoff Costello Co. (supra) on the ground that the. plaintiff there asked relief not only for himself but for stockholders similarly situated, whereas in the complaint in the present action the plaintiff seeks only an individual judgment. The court however in the Cohn case dismissed the complaint not because it was a representative action but because the relief asked involved the internal affairs of the corporation. The identical *475 relief is asked in the complaint in the present action and the relief sought is not affected by the fact that plaintiff sues in an individual rather than a representative capacity.
The present action seems to fall clearly within the rule applying to actions involving the internal affairs of a corporation. Defendant’s motion to dismiss the complaint should therefore be granted. This disposition of the matter makes it unnecessary to pass upon that portion of the motion in which the defendant seeks to vacate the service of the summons upon the ground that it is not doing business within the State of New York. The rule requiring the dismissal of the complaint in this action would apply even though the defendant was doing business in this State (Langfelder v. Universal Labs., 293 N. Y. 200, supra; Long Park v. Trenton-New Brunswick Theatres Co., 297 N. Y. 174, per dissenting opinion Fuld, J., p. 181), or even though all of its corporate records were kept in New York. (Strassburger v. Singer Mfg. Co., 263 App. Div. 518, 520, supra.)
Motion insofar as it seeks the dismissal of the complaint is granted, without costs.