Thomas A. Aurelio, J.
Defendant Tidewater Oil Company and three of the defendant directors move, pursuant to subdivision 1 of rule 106 and subdivision 1 of rule 107 of the Rules of Civil Practice, for judgment dismissing the complaint upon the ground that it appears by the affidavits and upon the face of the complaint that the court has no jurisdiction of the subject of the action. Defendant Tidewater Oil Company is a Delaware corporation. The basic charge is that the adoption of a policy not to declare a dividend for a period of five years and. the *116 recapitalization of the subject corporation were parts of a single scheme to give greater control to the presently controlling group of stockholders. Acquisition of control is in itself no wrong, but, rather, the abuse thereof. To avoid the general rule pertaining to derivative suits involving the internal management of a foreign corporation, plaintiff argues that the action is brought for an accounting of the damages sustained by the corporation as a result of the wrongful acts of the defendants consisting in the institution of a plan to compel common stockholders to give up their voting rights by exchanging their common stock for preferred stock in order to avoid the nonreceipt of dividends for a period of five years. The purpose of the plan was to benefit the controlling group of stockholders and its effect was to injure the remaining stockholders and the corporation.
To the extent any damage was done to the stockholders, plaintiff disavows the purpose to institute a representative suit. Instead she has instituted one in the State of Delaware. While plaintiff alleges a plan to pay no dividend for five years, she nevertheless disavows the purpose to compel a dividend. To the extent she seeks an accounting there are no wrongful acts set forth and no allegation from which damage to the corporation may be inferred, or gain to the defendants can be inferred. To the extent it is claimed that the plan has worked injury and damage to the corporation, the allegations are conclusory. There remains only the purpose to obtain a judgment declaring that the action of the board to the effect that the corporation will not declare dividends for a period of five years is. null and void as well as the alleged recapitalization. This is set within the framework of a claim that the no dividend policy had the purpose of putting pressure on the common stockholders other than those in control to dispose of their common stock and recapitalization was provided, first as an exit for the common stockholders by exchanging their common stock for preferred stock which would pay a dividend, and second as a means of increasing the control which, according to the allegation, was already effective. In the circumstances here, the allegation that such a five-year plan was adopted is conclusory and remains unsubstantiated. Even if adopted and implemented by the recapitalization, the mere assertion of the scheme does not make it a wrong as a matter of local statute or breach of fiduciary duty. There is nothing but a claim respecting the internal management concerning which no factual allegation of wrong, breach of fiduciary duty, or abuse of business judgment is set forth, save the alleged claim that it was all done to cement a control already secured. Obviously the obverse side of that *117 purported issue is whether the board had good reason to adopt the actions taken and for that reason the issue is for the forum of incorporation since nothing special appears to take this case out of the general rule. Motion granted.