Samuel Rabin, J.
The defendants, except Rhoda Schwartz, move to dismiss the amended complaint on the ground that this court has no jurisdiction of the subject matter of the action or, in the alternative, on the ground of legal insufficiency.
Defendants’ initial argument that this amended complaint must be dismissed since it is “ exactly like ” the original which was dismissed by court order is without merit. The pleading now under consideration was timely served, as of course, prior to the determination of the motion addressed to the original complaint and, therefore, superseded it. (Volpe v. Manhattan Sav. Bank, 276 App. Div. 782 ; Gilchrest House v. Guaranteed Tit. & Mtge. Co., 276 App. Div. 778.)
The amended complaint sets forth two causes of action. The first, based upon a stockholders’ agreement, seeks specific performance of that agreement, judgment declaring it to be in full force and effect and restraining the defendants from violating *480 the terms thereof. It is-. claimed that this agreement was breached by the defendants in that the plaintiff Samnelson was prevented from managing and supervising the corporate defendant’s toiletries discount department at Lodi, New Jersey, and that the plaintiff Miller was removed as secretary and director of the corporation, all in violation of the terms of said agreement.
The second cause of action is a stockholders ’ derivative suit. Therein alleged is a breach of fiduciary duty owed to the corporation by the defendant directors in that -merchandise was purchased from wholesalers that are owned or controlled by defendant Dwork, at higher prices than could be purchased elsewhere. Plaintiffs seek restoration to the corporation of all losses occasioned by the overpayment and the profits realized by said defendants.
Plaintiffs and the individual defendants, except Rhoda Schwartz, are residents of the State of New York. The corporate defendant, organized in the State of New Jersey, maintains a regular business office in Bronx' County, New York. The agreement was executed in the State of New' York, by Samnelson, Starr and Dwork, who were the sole stockholders of.the corporation at that time. The corporate defendant, Starr Associates, Inc., also executed the agreement in New York by its president, the defendant William Starr.'
It would appear that “ [defendants confuse the doctrine of forum non conveniens with lack of jurisdiction. ■ While it is a generally accepted rule of law that the courts of one State will not take jurisdiction of controversies affecting the internal affairs of a corporation organized under the laws of another State (Rogers v. Guaranty Trust Co., 288 U. S. 123, 130), close scrutiny of the controlling authorities makes it clear that such refusal is based on considerations of convenience and expediency rather than of power.” (Levy v. Pacific Eastern Corp., 153 Misc. 488, 489-490.)
Jurisdiction has, however, been retained in suits for the breach of fiduciary duty resulting in waste of corporate assets (Goldstein v. Lightner, 266 App. Div. 357, affd. 292 N, Y. 670), to enjoin fraudulent conspiracies in dissipating corporate property and call directors and officers to account for misconduct or negligence (Tarlow v. Archbell, 47 N. Y. S. 2d 3, affd. 269 App. Div. 837, affd. 296 N. Y. 757 ; North v. Ringling, 187 Misc. 621 ; Frank v. American Commercial Alcohol Corp., 152 Misc. 123) and enforcement of an. agreement between stockholders of a foreign corporation, for election and continuance of designated directors and officers. (McQuade v. Stoneham, 230 App. Div. *481 57 ; see, also, Clark, v. Dodge, 269 N. Y. 410.) The motion to dismiss for lack of jurisdiction of the subject matter is, therefore, denied.
Likewise denied is the alternative motion to dismiss on the ground of legal insufficiency. The first cause of action seeks the enforcement of a stockholders’ agreement. Such agreement by all of the stockholders of a corporation to vote for certain persons as directors and to continue a director as manager is not unlawful on its face and may be specifically enforced if there is no interference with the rights of creditors or minority stockholders. (Clark v. Dodge, supra.) The second cause of action “ which charges improper personal benefit or profit by directors and officers (including those who improperly or carelessly permit such conduct) in violation of their fiduciary duty, adequately alleges a cause of action.” (Brilliant v. Long Is. Waste Co., 23 Misc 2d 788, 791, affd. 9 A D 2d 926.)
Defendants will have 10 days after the service of a copy of the order to be entered hereon, with notice of entry thereof, to serve an answer.