George P. Stier, J.
In an action for a declaratory judgment and incidental monetary damages, the defendant moves to dismiss the complaint on the grounds (1) that the court does not have jurisdiction over the subject matter or, in the alternative, should decline to exercise jurisdiction, and (2) that the instant action is barred by the Statute of Limitations.
The defendant, in support of the first branch of its motion, contends that it is a corporation duly organized and existing under the laws of the State of Michigan; that it is an association of member retail florists in the United States and Canada; that it has issued no stock and is financed by dues, fees and assessments paid by the members; that its principal office is located in Michigan, from which all its activities are directed and administered. The defendant further claims that it has no property, maintains no offices or bank accounts in the State of New York, and no officer resides or is regularly present here. The defendant concludes that the instant action which seeks, among other things, to declare a determination by its membership committee after a hearing in Michigan, at which the plaintiff appeared and which was affirmed by its board of directors, terminating the membership of the plaintiff, to be wrongful and violative of the defendant’s charter and by-laws and to direct the restoration of such membership, and for money damages allegedly caused by such purported wrongful .dismissal; is clearly an attempt by the *567 plaintiff to obtain an adjudication of matters relating solely to the management of the internal affairs of a foreign corporation and, thus, New York should decline jurisdiction.
In any event, the defendant contends, since the plaintiff seeks reinstatement as a member of the corporation, its only remedy is a proceeding under article 78 of the Civil Practice Act. Furthermore, the defendant contends, its board of directors affirmed the determination of its membership committee terminating the plaintiff’s membership on June 15, 1960 and the last communication with respect to the plaintiff’s demand to be restored to membership was on or about September 15, 1960. Inasmuch as the present action was not commenced until May 6, 1961, more than four months had elapsed since the determination to be reviewed became final or after the defendant refused, upon a demand by the plaintiff, to perform its duty, as the ease may be.
The plaintiff, in opposition, contends that the instant action is not an attempt to have this court interfere in the internal affairs of a foreign corporation. The plaintiff maintains that it merely seeks to require the defendant to adhere to its by-laws and rules and regulations, and not to have them altered. Furthermore, plaintiff argues that New York is the logical and proper jurisdiction in which to maintain this action. In support of this contention, plaintiff argues that the alleged misconduct which was the basis for the termination of plaintiff’s membership occurred in this jurisdiction and the witnesses are present here; also, the plaintiff and its stockholders are taxpaying residents in this jurisdiction; furthermore, the plaintiff claims that the defendant has unit representatives and a resident director in all States, including New York, and thus could, with a minimum of inconvenience, defend the action here.
It is clearly established in New York that the courts will decline jurisdiction if an action involves a determination concerning the regulation and management of the internal affairs of a foreign corporation. (See Langfelder v. Universal Labs., 293 N. Y. 200; Sauerbrunn v. Hartford Life Ins. Co., 220 N. Y. 363; Matter of Harris v. Committee of Management, 150 N. Y. S. 2d 485, affd. 3 A D 2d 706.) According to some cases, the rationale for the rule with regard to foreign corporations is that the corporation may have members or stockholders extending throughout a number of States and while an action may affect the plaintiff alone, if various States assume jurisdiction in like actions, different rules of law would prevail affecting the internal affairs of the corporation (see Sauerbrunn v. Hartford Life Ins. Co., supra, p. 372), while other decisions declare that the reason for the rule is the impossibility of enforcing a decree *568 or an order. (See Matter of Harris v. Committee of Management, supra, p. 488.) The former reason is more commonly relied upon, since jurisdiction has been declined notwithstanding a prayer for incidental damages (Langfelder v. Universal Labs., supra) or, generally speaking, even though a suit is brought by the resident member and even though the corporation may maintain an office and a place of business in the State. (Matter of Harris v. Committee of Management, supra.)
The case in hand closely resembles Matter of Harris v. Committee of Management (supra) wherein the court stated, in substance, that a determination concerning the status of a party as a member could not be made without interfering with the management and regulation of the internal affairs of a foreign corporation. (See 155 A. L. R. 1231, 1240.) Finally, the question of whether or not a court should decline jurisdiction on the ground that it involves the internal affairs of a foreign corporation is properly raised under either rule 106 or rule 107 of the Rules of Civil Practice. (See Frank v. Getty, 29 Misc 2d 115; see, also, Sauerbrunn v. Hartford Life Ins. Co., supra; Rohlson v. Latin Amer. Airways, 65 N. Y. S. 2d 644.) Since the instant action concerns the status of a member, it is clear that a determination would involve the regulation and management of the internal affairs of a foreign corporation. Thus, the court should decline jurisdiction notwithstanding the plaintiff’s contentions.
Accordingly, the first branch of the motion is granted. In view of this disposition, the court will not pass upon the issues raised in the second branch of the motion — that the plaintiff’s only recourse under the circumstances in the case at bar, is an article 78 proceeding, since it would have afforded full and adequate relief, and that the four-month Statute of Limitations has expired with respect thereto and could not be enlarged by resort to another form of action. (See Colodney v. New York Coffee & Sugar Exch., 4 A D 2d 137, affd. 4 N Y 2d 698; Iannucci v. Summa, 8 A D 2d 841.)