Roger B. PRESCOTT, Jr., Edmund B. Reggie and Wallace Rosenwach, Plaintiffs,

v.

PLANT INDUSTRIES, INC., Defendant.

No. 80 Civ. 4494.

United States District Court, S. D. New York.

Oct. 29, 1980.

Gainsburg, Gottlieb, Levitan & Cole, New York City, for plaintiffs; Samuel Gottlieb, Nathan Silverman, New York City, of counsel.

Wender, Murase & White, New York City, for defendant; Peter J. Gartland, Lance Gotthoffer, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This case arose out of the effort by insurgent stockholders of defendant Plant Industries, Inc. ("Plant"), a Delaware corporation, to oust existing management by the election of six directors out of the total of nine which constitute the Board of Directors. The insurgents succeeded—all six on their slate won by a vast majority.[1] As

---

[1] When the dissident group solicited proxies for the election of six directors, Plant under its existing management commenced an action against the soliciting group and applied for a preliminary injunction, which this Court denied. *Plant Indus., Inc. v. Bregman*, 490 F.Supp. 265 (S.D.N.Y.1980). After new management was installed, an independent commit-

to the remaining three places to be filled, seven of the existing management's slate of nine received the identical number of votes. The chairman who presided at the shareholders' meeting at which the election was held took no action to conduct a run–off vote or to continue the meeting to afford an opportunity to resolve the situation resulting from the tie vote. Thereafter, the six newly elected directors, acting upon the advice of Delaware counsel that the tie vote created three vacancies which the six had authority to fill, elected three of the seven of the old–management's slate whose votes were tied. Thereupon this action was commenced by three of the four remaining old–management directors (no explanation has been offered why the fourth was not named as a co–plaintiff).

■ Jurisdiction in this Court was alleged upon diversity of citizenship. However, two of the three plaintiffs are citizens of New York; one is a citizen of Louisiana; and the defendant has its principal place of business in New York. Upon defendant's challenge to diversity jurisdiction,[2] the two New York plaintiffs filed affidavits requesting that they "be dropped as parties plaintiff in order that diversity of jurisdiction [sic] of this action may be maintained." Defendant opposes the application and presses for dismissal of the action; it contends that not only are the two plaintiffs who propose that they be "dropped" indispensable parties but that the three members of former management who were elected directors and are now serving in that capacity, and who are not named in this action, are also indispensable parties. Further, it urges that the seventh old–management member who also received the

same number of votes as the three plaintiffs herein likewise is an indispensable party. The plaintiffs counter that each of the aforesaid seven is entitled to sue individually; that the interest of each in any one of the three seats at issue in this action is individual, "is subjective and his right exists regardless of the joinder or nonjoinder of the others."

Analysis of these conflicting claims necessarily centers about the complaint and the relief sought. The complaint alleges that a justiciable issue and controversy exists "as to the legal rights of the seven members . . . who received tie votes" and seeks both a declaration that plaintiffs are qualified to serve as directors of Plant and that the election of the three directors was in violation of the corporate by–laws and Delaware law, and also an injunction enjoining those three from serving as directors. This is not a class or representative action brought on behalf of shareholders upon a claim that their right of franchise was violated by the election of the three directors. That the essence of plaintiffs' claim under the complaint is the assertion of an alleged individual right by each plaintiff of qualification to serve as director, and disqualification of the three who were elected by the board, is made abundantly clear by plaintiffs' motion for preliminary injunctive relief where they allege they "are currently suffering irreparable harm by not being able to participate in deliberations and actions of Plant."

■ The issue of joinder and nonjoinder of parties is governed by Rule 19 of the Federal Rules of Civil Procedure as amend-

---

tee of directors was appointed which recommended discontinuance of the law suit as in the best interests of the corporation. This was opposed by the leader of the old faction. This Court, after hearing arguments, granted the motion for discontinuance on October 8, 1980.

**2.** *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Plaintiffs allude to, without specifying, other bases of jurisdiction in this Court. They seek a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, but that Act does not

independently confer jurisdiction on a court that does not otherwise have it. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Plaintiffs also mention, almost in passing, that there may have been proxy violations based on § 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), *see* Plaintiffs' Memorandum in Support of Application, at 13–14; however, any such allegation is not included anywhere in the complaint and cannot serve as a jurisdictional basis.

ed in 1966.[3]  A purpose of the amendment was to eliminate encrusted, technical and semantic definitions of "indispensable parties."  The rule now requires a flexible, practical analysis of who are or are not indispensable parties; it is "designed to ameliorate the catechistic distinction between 'necessary' and 'indispensable' parties, which had sometimes subordinated logic and reality to historical encrustations."[4] This observation of the purpose of the amendment was based upon *Provident Tradesmens Bank & Trust Company v. Patterson*,[5] the leading case interpreting the criteria enumerated in the rule for determining indispensable parties.  That case makes clear that indispensability is to be determined on a pragmatic case–by–case analysis based upon considerations of "equity and good conscience" and a balancing of interests of the parties to the litigation, those not named whose rights may be affected, and those of the public and court in the effective and expeditious disposition of the litigation.[6]  Our Court of Appeals has particularized the standards that come into play in considering a claim of indispensability.

In the *Provident Tradesmens* case, Mr. Justice Harlan for the Court discussed the four "factors" that Rule 19(b) requires a court to consider.  First, the court is to weigh the interest of the plaintiff in having a forum, with the strength of this interest dependent upon "whether a satisfactory alternative forum exists." 390 U.S. at 109, 88 S.Ct. at 738.  Second, the defendant's interest in avoiding multiple litigation, inconsistent relief and sole responsibility for a liability jointly shared must be considered.  *Id.* at 110, 88 S.Ct. at 738.  Third, there is the interest of any outsider "whom it would have been desirable to join," as to which the court must evaluate whether the outsider's ability to protect his interest will be impaired or impeded by a judgment in his absence.  *Id.*  Finally, "the interest of the courts and the public in complete, consistent, and efficient settlement of

**3.**  Rule 19(a) & (b) reads:

(a) Persons to be Joined if Feasible.  A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.  If he has not been so joined, the court shall order that he be made a party.  If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.  If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

(b) Determination by Court Whenever Joinder not Feasible.  If a person as described in subdivision (a) (1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.  The factors to be considered by the court include: first,

to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

**4.**  *Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885, 888 (5th Cir. 1968).

**5.**  390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

**6.**  *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Prescription Plan Service Corp. v. Franco*, 552 F.2d 493, 496 (2d Cir. 1977); *Kamhi v. Cohen*, 512 F.2d 1051, 1053–54 (2d Cir. 1975); *Evergreen Park Nursing & Convalescent Home, Inc. v. American Equitable Assurance Co.*, 417 F.2d 1113, 1115 (7th Cir. 1969); *Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885, 888 (5th Cir. 1968); *Singleton v. Airco, Inc.*, 80 F.R.D. 467 (D.Ga. 1978); *Levitt & Sons, Inc. v. Swirnow*, 58 F.R.D. 524, 530 (D.Md.1973); Fed.R.Civ.P. 19(b).

controversies" must be assessed. *Id.* at 111, 88 S.Ct. at 739.[7]

■ Application of the foregoing criteria compels the conclusion that not only the two plaintiffs who seek to be "dropped" but also the three current directors whom plaintiffs seek to enjoin from discharging their duties as directors, and also the seventh former management director who was in the tie, must be included as parties to this litigation since a judgment will affect their individual interests. Each has a claim and a right similar to that asserted by the one former director who seeks to continue this action, as he asserts is his individual right. The two plaintiffs who seek to be "dropped" in order to sustain diversity jurisdiction assert the same right of qualification for office as the single remaining plaintiff. A decree enjoining the three now serving obviously would affect their rights. As nonparticipants, neither they nor the seventh member would be bound by a decree of this Court, and there is nothing to preclude the two plaintiffs who seek to withdraw from later commencing their own separate litigation. Additionally, this situation clearly violates Plant's "interest in avoiding multiple litigation."

Moreover, dismissal of this action will not deprive the plaintiff who now seeks to continue this litigation individually of an available forum elsewhere—he is free to commence an action in the state courts to vindicate his claim for relief. Although this Court recognizes plaintiffs' legitimate interest in choosing a forum, that interest is clearly outweighed by the above considerations. Indeed, plaintiffs' stated purpose for seeking relief in this Court was the pendency here of another case, *Plant Industries, Inc. v. Bregman.* That case has been voluntarily dismissed and, in any event, was based on different issues of law and questions of fact from the instant one.[8]

Finally, the "interest of the courts and the public in complete, consistent and sufficient settlement of controversies" would not be served by piecemeal litigation and a series of law suits in different courts before a final adjudication can be obtained binding upon all the parties entitled to assert claims arising out of the same factual situation upon which the individual plaintiff bases his claim for relief.

■ There are additional considerations which require dismissal of this action. This is true even were it to be assumed, contrary to the foregoing, that the other six are not indispensable parties. It is well–settled in New York that, where a court otherwise having jurisdiction is called upon to determine "the rights of litigants involv[ing] regulation and management of the internal affairs of the corporation dependent upon the laws of the foreign State,"[9] the court should decline its jurisdiction, and this principle applies whether the court is a state court or a federal court sitting in diversity.[10] Although there is no rigid, generalized rule as to what constitutes "internal affairs" for this purpose, courts have declined jurisdiction where a decision would affect corporate structure or policy, but have retained jurisdiction over cases involving breach of fiduciary duty, fraud, or contracts. This declination is not based on a lack of power but on the equitable notion "that the corporation may have members and shareholders extending throughout a number of states and while an action may affect the plaintiff alone, if various states assume jurisdiction in like actions, different rules of law would prevail affecting the internal affairs of the corporation."[11]

7. *Prescription Plan Service Corp. v. Franco,* 552 F.2d 493, 497 (2d Cir. 1977) (footnote omitted).

8. *See* note 1 *supra.*

9. *Langfelder v. Universal Laboratories, Inc.,* 293 N.Y. 200, 204, 56 N.E.2d 550 (1944).

10. *Rogers v. Guaranty Trust Co. of N.Y.,* 288 U.S. 123, 130, 53 S.Ct. 295, 297, 77 L.Ed. 652

(1933) (state or federal court will not interfere with or control by injunction management of internal affairs of corporation of another state); *Weiss v. Routh,* 149 F.2d 193, 195 (2d Cir. 1945) (L. Hand, J.)

11. *Adolph Meyer, Inc. v. Florists' Tel. Delivery Ass'n,* 36 Misc.2d 566, 232 N.Y.S.2d 913, 915 (Sup.Ct.Queens Co.1962). *See, e. g., Nothiger v. Corroon & Reynolds Corp.,* 266 A.D. 299, 42

Thus, courts have declined jurisdiction in cases involving foreign corporations in which plaintiffs have sought a declaration of rights with respect to their stock following a merger,[12] to compel the redemption of stock or payment of dividends,[13] a declaration that would have the effect of altering the corporate structure or forcing dissolution,[14] and a declaration that the election of certain individuals to the board of directors was void (and an injunction restraining them from acting as directors).[15] Courts have retained jurisdiction over suits involving, for example, contracts made by the corporation,[16] or breach of fiduciary duty by directors.[17] The fact that a foreign corporation may have its records and principal place of business in New York does not affect a decision to decline jurisdition under the internal–affairs doctrine.[18]

The relief sought in this action clearly goes to the heart of the internal affairs of Plant, and a decision by this Court would improperly involve a court in New York in the regulation and management of a Delaware corporation. As noted in a case in which similar relief was sought, "plaintiff[s] may obtain adjudication as to the validity of the election, meetings and proceedings of the directors . . . in an action or proceeding in Delaware."[19] The rationale for declining jurisdiction under the internal–affairs doctrine becomes even stronger be-

N.Y.S.2d 103 (1st Dep't 1943), aff'd, 293 N.Y. 682, 56 N.E.2d 292 (1944); *Samuelson v. Starr*, 28 Misc.2d 479, 213 N.Y.S.2d 889, 891 (Sup.Ct. Queens Co.1961).

12. E. g., *Langfelder v. Universal Laboratories, Inc*, 293 N.Y. 200, 56 N.E.2d 550 (1944) (even though monetary relief sought, determination could be made only by analysis of Delaware law, and "unseemly" for New York court to do so).

13. *Cohn v. Mishkoff Costello Co.*, 256 N.Y. 102, 175 N.E. 529 (1931) (for Indiana court to decide if corporation had duty to redeem and if directors acted in bad faith in not declaring dividends); *Frank v. Getty*, 29 Misc.2d 115, 216 N.Y.S.2d 15 (Sup.Ct.N.Y.Co.1961) (plaintiff charged policy of not declaring dividends part of scheme to give controlling shareholders greater control; held, internal management decision and for court in state of incorporation to decide if directors had good reason for rule); *Lakeman Realty Corp. v. Sunny Isles Ocean Beach Co.*, 5 Misc.2d 471, 160 N.Y.S.2d 947 (Sup.Ct. Monroe Co.1957). *Cf. Borst v. East Coast Shipyards, Inc.*, 105 N.Y.S.2d 228 (Sup.Ct.N.Y.Co.1951) (where New Jersey law made charter provision on redemption of preferred stock a contract between corporation and shareholder, and sole issue in case is enforcement of that contract, court may retain jurisdiction).

14. *Mook v. Berger*, 26 A.D.2d 925, 274 N.Y.S.2d 855 (1st Dep't 1966) (to compel directors to perform certain acts that would result in dissolution goes to heart of internal corporate affairs); *Hanover Affiliates Corp. v. Pamrex Corp.*, 236 N.Y.S.2d 94 (Sup.Ct.N.Y.Co.1963) (management, unable to secure requisite two–thirds vote of shareholders to consent to dissolution, sought to alter capital structure to circumvent vote requirement; court declines jur-

isdiction over suit seeking to enjoin furtherance of dissolution in manner other than according to Delaware statute).

15. *Rohlsen v. Latin American Airways, Inc.*, 65 N.Y.S.2d 644 (Sup.Ct.N.Y.Co.1946) (Botein, J.)

16. *Ackert v. Ausman*, 29 Misc.2d 974, 218 N.Y. S.2d 814 (Sup.Ct.N.Y.Co.1961) (derivative action charging fees of retained investment manager excessive); *Samuelson v. Starr*, 28 Misc.2d 479, 213 N.Y.S.2d 889 (Sup.Ct. Queens Co.1961) (plaintiff seeks specific performance of shareholder agreement).

17. *Goldstein v. Lightner*, 266 A.D. 357, 42 N.Y. S.2d 338 (1st Dep't 1943), aff'd mem., 292 N.Y. 670, 56 N.E.2d 98 (1944); *Samuelson v. Starr*, 28 Misc.2d 479, 213 N.Y.S.2d 889 (Sup.Ct. Queens Co.1961).

18. *Langfelder v. Universal Laboratories, Inc.*, 293 N.Y. 200, 206, 56 N.E.2d 550 (1944); *Hanover Affiliates Corp. v. Pamrex Corp.*, 236 N.Y. S.2d 94 (Sup.Ct.N.Y.Co.1963); *Lakeman Realty Corp. v. Sunny Isles Ocean Beach Co.*, 5 Misc.2d 471, 160 N.Y.S.2d 947, 950 (Sup.Ct. Monroe Co.1957); *Rohlsen v. Latin American Airways, Inc.*, 65 N.Y.S.2d 644, 645 (Sup.Ct.N. Y.Co.1946).

19. *Rohlsen v. Latin American Airways, Inc.*, 65 N.Y.S.2d 644, 645 (Sup.Ct.N.Y.Co.1946) (Botein, J.) Plaintiffs' attempt to defuse the force of this case is unavailing; indeed, their assertion that "[t]he decisions are to the contrary," Plaintiffs' Reply, without citing any such cases, is curious in light of their basic complaint that the advice of counsel upon which the Plant board acted was erroneous and failed to cite any Delaware law in support of their contention.

cause determination of plaintiffs' contentions requires ascertainment of undeveloped Delaware law.[20] As previously noted, the three directors were elected upon advice of Plant's Delaware counsel that the tie vote created three vacancies. Plaintiffs' counsel challenges the correctness of this advice. Although they differ on this subject, they are in agreement that no Delaware decision is directly in point and independent research by the Court confirms this view. Thus, this is an added reason why the Delaware courts should be called upon to make a ruling which involves interpretation of the charter of a Delaware corporation under Delaware law. This Court, therefore, declines jurisdiction of this case because to retain jurisdiction would improperly interfere with the internal affairs of a foreign corporation. Resolution of the issues raised in this case is better left to the courts of Delaware. In the absence of a definitive ruling by Delaware courts, this Court should not " 'make an educated guess as to how that state's supreme court would rule.' "[21]

Since the inclusion of all seven tied candidates would clearly foreclose diversity jurisdiction, the action is dismissed for lack of jurisdiction; moreover, the Court would decline jurisdiction in the exercise of discretion.

So ordered.

---

**20.** *Cf. Rogers v. Guaranty Trust Co. of N.Y.,* 288 U.S. 123, 132, 53 S.Ct. 295, 298, 77 L.Ed. 652 (1933).

**21.** *Nobs Chemical, U.S.A., Inc. v. Koppers Co.,* 616 F.2d 212, 214 (5th Cir. 1980) (quoting *Benante v. Allstate Ins. Co.,* 477 F.2d 553, 554 (5th Cir. 1973).