**Marion Wolther SERLIN, Plaintiff,**

v.

**May Lillian Wolther SAMUELS and Stanley Samuels, Defendants.**

**No. 83 CV 4485.**

United States District Court, E.D. New York.

Feb. 21, 1984.

Novak & Agnoli, Springfield, Mass., for plaintiff.

Wofsey, Certilman, Haft, Lebow & Balin, New York City, for defendants.

MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an equitable action to impose a constructive trust, to compel an accounting, and to appoint a receiver, all in connection with the distribution of the estate of

Leon Wolther, who died intestate on July 13, 1983 in New York City. Defendants have moved to dismiss for failure to join indispensable parties. *See* Fed.R.Civ.P. 12(b)(7), 19.

### Facts

Leon Wolther, the decedent, is survived by three nieces and one brother. One niece is the plaintiff, Marion Wolther Serlin. The second niece is the defendant, May Lillian Wolther Samuels (whose husband Stanley Samuels is also sued). The third niece, Marilyn Cairo Ravitz, is not a party to this action. Nor is the surviving brother, Irving Wolther.

In her complaint, plaintiff alleges that a short time prior to his death, Leon Wolther attempted to make appropriate provisions to leave his substantial fortune to the four above-named members of his family in equal shares, but that his intention was frustrated through the undue influence of defendants. Plaintiff further alleges that defendants continue to hold assets, and as a result, plaintiff has instituted this equitable action, invoking subject matter jurisdiction under 28 U.S.C. § 1332 (Diversity of Citizenship).

Defendants, in support of their motion to dismiss, argue that Leon Wolther's third niece, Marilyn Cairo Ravitz, and his brother Irving Wolther are indispensable parties-plaintiff whose joinder would divest the Court of diversity jurisdiction.

Plaintiff counters that under Mexico's law of intestate descent (which all parties agree to be controlling for purposes of this motion), plaintiff's rights in her uncle's estate are divisible and therefore are subject to unilateral enforcement in the absence of the joinder of other prospective heirs. Plaintiff concedes that the New York State courts are an alternative forum.

### Discussion

Rule 19, governing joinder of indispensable parties, states in pertinent part:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may ... (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest....

(b) Determination by Court Whenever Joinder not Feasible. If a person described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable....

Fed.R.Civ.P. 19.

The language of Rule 19 is singularly infelicitous. The initial clause of the first sentence of Rule 19, subdivision (a) specifies in the conjunctive two threshold requirements for determining whether a person should be joined if feasible, *i.e.*, that person must be subject to service of process *and* his joinder must not defeat subject matter jurisdiction. Subdivision (a) then goes on in (a)(1) and (a)(2) to list in the disjunctive two additional requirements.

The inclusion of the conjunctive requirement that joinder must not defeat subject matter jurisdiction is puzzling. Read literally, subdivision (a) indicates that a person whose joinder *would* defeat jurisdiction is *not* a "person to be joined if feasible" since the conjunctive requirements of amenability to service and continued jurisdiction are not satisfied. In such a case it would be unnecessary to examine the additional requirements specified in (a)(1) and (a)(2); and subdivision (b) becomes equally immaterial since it applies only to "a person described in subdivision (a)."

The net, although obviously unintended, effect of this semantic morass is that a person whose joinder *would* defeat diversity jurisdiction can never be an indispensable party under the present language of the Rule. This cannot have been the drafter's intent when Rule 19 was revised in 1966 for, if anything is well-settled, it is that a plaintiff cannot "avoid the requirement of complete diversity by failing to include as a party one whose citizenship would be wrong, if that party is indispensable to determination of the litigation". A. Wright, Federal Courts 170 (4th ed. 1983).

Courts, however, have taken a more practical, if less analytical, approach by ignoring the apparent contradiction in the Rule. Thus, in *Potomac Electric Power Co. v. Babcock & Wilcox Co.*, 54 F.R.D. 486 (D.Md.1972) the court stated:

> Under Rule 19(a), Royal would appear to be a person whose joinder would in fact deprive the Court of [diversity] jurisdiction.... Accordingly, Royal is a person as described in subdivision (a)(1)–(2) hereof [which] cannot be made a party, and the inquiry in this case must be made under subdivision (b) to determine whether the action should proceed with Royal, dropped or should be dismissed.

*Id.* at 490. The court then evaluated the equitable factors delineated in subdivision (b) of Rule 19, and dismissed the case "rather than attempt to manipulate jurisdiction by dropping plaintiffs with a substantial interest in the claim solely for the purpose of retaining jurisdiction in the federal court." *Id.* at 492–93. In finding that the non-diverse plaintiff, Royal was a person "described in subdivision (a)(1)–(2)" the court simply ignored the conjunctive requirements of subdivision (a)'s opening clause.

The *Potomac Electric Power* interpretation of Rule 19 is preferred by the writers and the courts. *See* A. Wright, supra at p. 462 ("If the absentee is needed for just adjudication and ... his joinder would destroy diversity, Rule 19(b) states the factors to be considered in deciding whether to proceed in his absence or to dismiss the action."); *Acton Co., Inc. or Massachusetts v. Bachman Foods, Inc.*, 668 F.2d 76 (1st Cir.1982); *Delalande, Inc. v. Fine*, 545 F.Supp. 268 (S.D.N.Y.1982); *Prescott v. Plant Industries, Inc.*, 88 F.R.D. 257 (S.D. N.Y.1980) (dismissal required where joinder of indispensable parties would divest court of diversity subject matter jurisdiction).

Having considered the difficulties inherent in the language of Rule 19, however, I deem it prudent to analyze the instant case in the generally-accepted fashion.

■ In doing so, I find that Ms. Ravitz and Mr. Irving Wolther are clearly persons who should be joined if feasible in accordance with Fed.R.Civ.P. 19(a). Both are potential claimants to the estate of Leon Wolther, and an adjudication in their absence would subject defendants to a substantial risk of incurring multiple and possibly inconsistent obligations in State court. Moreover, the possibility of future litigations would deprive defendants of the complete *res judicata* protection to which they may be entitled.

■ It is equally clear, however, that joinder of Ms. Ravitz and Mr. Wolther as plaintiffs would divest the Court of diversity-based subject matter jurisdiction. Accordingly, subsection (b) of Rule 19 requires the Court to determine whether in equity and good conscience the action should proceed in the absence of Ms. Ravitz and Mr. Wolther.

In making that determination, the Court must consider:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b)

Consideration of the first and fourth factors clearly supports defendants' argument

for dismissal. A judgment entered in the absence of Ms. Ravitz and Mr. Wolther would prejudice defendants by subjecting them to the substantial likelihood of multiple litigations concerning the same subject matter. Moreover, the existence of an alternative State forum affords plaintiff an adequate remedy in the event of dismissal for nonjoinder. In that regard, I note that controversies involving the administration of estates are traditionally the province of State courts.

As to the second and third factors, the fashioning of a protective remedy, although not impossible, is certainly problematic in a case involving multiple potential claimants to an estate. Moreover, the adequacy of plaintiff's remedy would be speculative in view of the problems associated with fashioning appropriate protection for the potential claimants who have not been joined.

Accordingly, I find that equity and good conscience require dismissal of this action for nonjoinder of indispensable parties. *See Matthies v. Seymour Manufacturing Co.*, 270 F.2d 365, 370 (2d Cir.1959), *cert. denied,* 361 U.S. 962, 80 S.Ct. 591, 4 L.Ed.2d 544 (1960); *see also, Stevens v. Loomis,* 334 F.2d 775, 778 (1st Cir.1964). This dismissal, however, is without prejudice to the commencement of a subsequent action in the appropriate State court.[1]

SO ORDERED.

---

1. All pending discovery motions in this case likewise are dismissed without prejudice to renewal in State court.