JAMES F. O'HARA et al. *v.* ISAAC FRENKIL et al.
[Nos. 57, 58, January Term, 1928.]

*Decided April 13th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*David Ash*, with whom was *Louis J. Sagner* on the brief, for the appellants.

*J. Purdon Wright* and *Samuel Carliner*, submitting on brief, for the appellees.

SLOAN, J., delivered the opinion of the Court.

We have here two appeals in one record from the Circuit Court of Baltimore City, one from an order of the court sustaining a demurrer to the appellants' bill, and the other from an order refusing the appellants leave to amend their bill.

The bill of complaint states that the National Homeowners Service Corporation, one of the appellees, is a corporation incorporated under the laws of Delaware; that the appellants and each of them are stockholders and directors of the corporation, and, together with Isaac Frenkil, one of the appellees, constituting the entire directorate of the corporation; that the stockholders are divided into two classes, "A" and "B"; that the appellants and each of them have subscribed for and are possessed of both classes of stock, Class A having no voting power and Class B having voting power; that Isaac Frenkil, the appellee, has 55 shares of Class A stock and 3315 shares of Class B stock, the latter having no par value, and that Frenkil insists upon voting all of his Class B stock at stockholders' meetings notwithstanding the fact that he has paid but $5,500 on account of his subscription for the same, and that, through his simulated ownership of said stock, he has prevented the appellants from conducting the affairs of the corporation so as to conserve its assets, and "that because of the attitude of Frenkil the business of the corporation has practically come to a standstill and that large sums of money have been lost to the corporation thereby"; that the corporation is heavily indebted for moneys loaned to it in the operation of its business, and is practically doing no new business because of the recalcitrancy of Frenkil; and that the corpo-

ration's principal creditors are becoming restive and there is imminent danger of loss to the stockholders by the wasting of the assets of the corporation, all of which are located in Maryland; that the appellants have made repeated offers to buy the shares held by Frenkil and have offered to sell him their stock holdings, but that all overtures have been rejected by Frenkil, although he was offered a sum largely in excess of the original cost to him of his shares; that there is great danger of loss to the corporation because of the apprehension that creditors may take or attempt to take advantage of the dissensions within the corporation; that an election of officers should have taken place on January 10th under the by-laws of the corporation, but that Frenkil, claiming to be the owner of a majority of the voting stock of the corporation, has prevented any fair vote of the stockholders from being taken, and insists on voting his alleged majority stock holdings "for his own selfish purposes", and that it is the alleged equitable right of the appellants to have the assets of the corporation conserved and managed, and that there is no adequate remedy at law, The bill then prays that a receiver may be appointed to take charge of and manage the business of the corporation; that an injunction may issue against the appellees, forbidding him, it, and them from interfering with the receiver; that there may be a sale of the assets decreed by the court and a division of the proceeds thereof among the creditors and respective stockholders according to their priorities; and "that this honorable court may determine and enforce the rights of the stockholders of said body corporate respectively." With the bill were filed the original certificate of incorporation of the National Homeowners Service Corporation granted by the State of Delaware, and an amendment to the certificate of incorporation.

The National Homeowners Service Corporation answered, admitting each and every allegation contained in the bill and consenting to the appointment of a receiver, and on the same day, August 4th, 1927, an order was passed appointing Louis J. Sagner, one of the appellants, as receiver of the corporation. On August 6th a motion was filed by the

appellee, Isaac Frenkil, to vacate the order appointing the receiver and an order passed thereon on the same day vacating the order unless cause to the contrary be shown on or before the 16th day of August, 1927. To this petition the appellants filed their answer. On November 8th the appellee, Isaac Frenkil, filed his answer, reserving all of his rights under the motion theretofore filed to vacate the order for a receiver, and demurring to the whole bill of complaint and to each and every paragraph thereof, and reserving all rights under his demurrer. The answer purported to give a history of the organization of the company and of the sales and distribution of stock, in effect confirming the general charge of discord and quarrels among the stockholders, which is apparently the only ground upon which the appellants ask the intervention of the court.

The Circuit Court of Baltimore heard the case on the demurrer, and, on the 6th day of December, 1927, sustained the same and dismissed the bill without leave to amend, from which the appellants appealed, and, on January 3rd, 1928, the appellants filed their petition, wherein they set forth certain amendments which they desired to make to their bill of complaint, and on the same day the Circuit Court denied the petition for amendment, and from this order an appeal was taken. The petition for amendment still showed that the whole proceeding, including the proposed amendment, was based on quarrels between the appellants, as stockholders and directors, and Isaac Frenkil, appellee, also a stockholder and director, and that the sole purpose of this proceeding was to defeat the efforts of Frenkil to control the action or inaction of the corporation.

The appellants' first contention at the argument was that the appellee, Frenkil, could not both demur and answer, and that therefore the demurrer ought not to have been entertained by the chancellor. General Equity Rule No. 20 is: "The defendant shall be entitled in all cases by answer to insist upon all matters of defense in law or equity to the merits of the bill of which he may be entitled to avail himself by demurrer," and the practice has been upheld in

*Ruhl v. Wagner*, 146 Md. 601, and *Hendler Creamery Co. v. Lillich*, 152 Md. 190.

It has long been clearly held in this state that quarrels and dissensions among the stockholders of foreign corporations doing business in Maryland cannot be determined by the courts of this state and that they can only be determined by the courts of the state which created the corporation. We can say here, as did this court in the opinion of Judge Miller in *Wilkins v. Thorne*, 60 Md. 253, 258: "We have thus stated at greater length than usual the material allegations of this bill in order that its scope and purpose may be clearly seen. As far as our comprehension goes, it makes a case of a contest between the complainant and other *bona fide* stockholders of the corporation on the one side and those claiming to be stockholders and president and directors on the other. This is clearly a controversy relating to the internal management of the corporation, and the validity of the acts of those who claim to be, and indeed are admitted to be *de facto,* its president, directors and stockholders. Now if this were a Maryland corporation there could be no question as to the jurisdiction of a Maryland court over the subject, but such is not the case. This corporation was created under the laws of another state, and it seems to us that all such controversies must be determined by the courts of the state by which the corporation was created. Our researches have enabled us to find no case in which the courts of another state have ever assumed jurisdiction over a controversy like this, and we think none can be found. Indeed it would be a strange anomaly in our system of jurisprudence if the courts of one state could be vested with the power to dissolve a corporation created by another and assume control over its property for the purpose of distributing it among those claiming to be its stockholders." In that case Judge Miller added further, "But, assuming that a Maryland court has jurisdiction in this case for any of the purposes sought in this bill, we think it clear that the corporation itself is an essential party to the suit."

Taking the cue from the latter quotation, a similar proceeding was brought by way of petition for mandamus against the North State Copper & Gold Mining Company, by a stockholder named Field, of which Wilkins, (appellant in 60 Md. 253,) was president, and this court, in an opinion by Judge Stone, said: "It was not the intention of our statute (Act of 1868, ch. 471, sec. 209) to give our courts jurisdiction over the internal affairs of a foreign corporation," and the order for the writ of mandamus granted in that case was reversed. See also *Condon v. Mutual Reserve Fund Life Association,* 89 Md. 99; *Stockley v. Thomas,* 89 Md. 663, 668; 8 *Fletcher's Cyclopedia of Corporations,* 9759; *Dupuy v. Terminal Company,* 89 Md. 409, 426, the last named case applying the same rule with regard to dissensions among stockholders of a domestic corporation unless there be a charge of fraud, illegality, or an act *ultra vires.*

Concerning the appeal from the order of the court refusing the amendments proposed to the bill of complaint, it is only necessary to refer to *Snook v. Munday,* 96 Md. 514, wherein this court said: "An application to amend is addressed to the discretion of the court before whom it is made and is not the subject of an appeal to this court." See *Continental Trust Co. v. Baltimore Refrigerator Co.,* 120 Md. 450; *Kernan v. Carter,* 132 Md. 577, 594; *Miller's Equity Proc.,* 251.

Inasmuch as we are of the opinion that the courts of this state are without jurisdiction to hear the complaints of one set of stockholders against another stockholder of a foreign corporation concerning its internal affairs, the order of the lower court will be affirmed.

*Order in No. 57 affirmed, appeal in No. 58 dismissed, with costs to the appellees in both cases.*