## McGHEE v. GENERAL FINANCE CORPORATION.
### Civ. A. No. 189.

United States District Court
W. D. Virginia, Abingdon.
May 5, 1949.

Ralph R. Repass and Francis M. Hoge, both of Marion, Va., for plaintiff.

Holman Willis, Jr., and Joseph Wysor Smith, both of Roanoke, Va., for defendant.

BARKSDALE, District Judge.

Effective January 6, 1949, two Virginia corporations, Farmers & Merchants Credit Corporation and General Finance & Small Loan Corporation, merged as one corporation known as General Finance Corporation, under the provisions of the Virginia law relative to corporate consolidations. At the stockholders' meeting held to consider the question of approving the merger, plaintiff, a citizen and resident of the State of Ohio, the holder of twenty shares of preferred stock in Farmers & Merchants Credit Corporation, voted against the merger. Thereafter, he gave notice of dissent pursuant to Section 3822(a), Code of Virginia, and brings this suit to have ascertained the fair cash value of his stock as of the day before the vote for the approval of the merger of his corporation, and to recover the same of the corporation resulting from the merger, as provided by Section 3822(a), Code of Virginia. This section of the Code provides the procedure for ascertainment and recovery of the fair cash value of the stock of dissident stockholders of merged corporations and specifies the courts of the state in which dissentients may establish their rights and obtain their remedies. Defendant has filed its motion to dismiss the complaint upon several grounds, at least one of which seems to me to be sufficient basis for the granting of the motion. Defendant contends that the remedy provided by Code Section 3822(a) is exclusive, and the rights of dissident stockholders thereunder must be asserted in the state courts specified in the statute. I agree with this contention.

In the case of Winfree v. Riverside Cotton Mills, 113 Va. 717, 75 S.E. 309, decided in 1912, it was held that the predecessor statute of Code Section 3822(a), adopted in

1903 and then in force, did not provide an exclusive method for the appraisal of the stock of a dissident stockholder. The court held that the dissident stockholder had his choice of the procedure provided by that appraisal statute, and a suit in equity. In 1922, after the decision in Winfree v. Riverside Cotton Mills, supra, the appraisal statute was amended and reenacted as Code Section 3822(a). In 1945, the Supreme Court of Appeals of Virginia construed Code Section 3822(a) In Adams v. United States Distributing Corp., 184 Va. 134, 34 S.E.2d 244, 162 A.L.R. 1227, and definitely held that a dissident stockholder no longer had available to him the remedy of a suit in equity, the remedy provided by Code Section 3822(a) being exclusive. The court in its opinion further pointed out the evils which might result if various dissenting stockholders adopted different procedures in different courts for the appraisal of their stock. The court said, 184 Va. at page 146, 34 S.E.2d at page 249:

"But that is not all. If the appellants are sound in their view, then they would be free to pursue their equitable remedy in any court, State or Federal, in which they might acquire jurisdiction of the parties. Under this theory the dissenting stockholders could institute actions for the value of their shares in State and Federal courts throughout the country, provided, only, that proper service of process could be effected.

"If such a multiplicity of suits could be instituted, and if all such courts had equal and concurrent jurisdiction, the inescapable result would be that instead of all dissenters from a particular merger receiving equal treatment, those who elected to pursue different remedies, or like remedies in different courts, would inevitably find themselves with widely varying judgments in their favor."

Shortly before the decision in Adams v. United States Distributing Corp., supra, a dissenting stockholder in a Virginia corporation which had merged with another corporation, brought a suit in the United States District Court for the Southern District of New York, seeking to have that court appraise the value of his stock under its general equity powers. The District Court declined to dismiss this action by reason of its conclusion that Virginia Code Section 3822(a) did not provide an exclusive remedy, and therefore a suit in equity was not precluded. Weiss v. Adkins, D.C., 52 F.Supp. 418. On appeal, Weiss v. Routh, 2 Cir., 149 F.2d 193, 196, 159 A.L.R. 658, inasmuch as the opinion in Adams v. United States Distributing Corp., supra, had not yet been rendered, the Circuit Court of Appeals accepted as the law of Virginia that Code Section 3822(a) did not provide an exclusive remedy. Nevertheless, it dismissed the complaint, "not on the merits, but because the district court should have refused to entertain the action." Upon its own motion, the court held that as the case involved the internal affairs of a corporation, the courts of a foreign forum should not assume jurisdiction over it. In elaboration of its reasons that jurisdiction should not be assumed by the District Court in New York, the court said: "By hypothesis each shareholder who voted against the merger, might in the case at bar separately file a suit in equity in a Virginia court to have his shares valued and to recover the amount from the corporation. That would not disturb the merger; and indeed the remedy of appraisal provided by § 3822 is in substance the same although the procedure is different. Yet it would be an onerous added burden upon the corporation to subject it to suit in any foreign forum where a shareholder could serve it; and, moreover, there would be no uniformity in the recoveries, and therefore no equality of treatment between the dissentients. It is true that if the procedure prescribed by § 3822 is not exclusive, inequality may also arise even though the actions in equity are confined to Virginia courts; but the situation is more within control than if the courts of foreign forums are also open. Indeed it may not be beyond the procedural resources of the Virginia courts to establish, if not a concourse of all dissenting shareholders, at least some common means of insuring equality; but even if that be not possible, and if each dissenter may prosecute his suit to a separate and different award, at least the awards will all be made by courts

26

of Virginia. In that there would be a harmony pro tanto with that part of the declared purpose of § 3822, which provides that all the appraisers shall be residents of that state. It seems to us therefore that the court of a foreign forum has adequate ground at least for saying that it is the policy of Virginia to keep the ascertainment of the value of minority shares within its borders, even though dissenters are given alternative remedies."

Although in the above quoted statement, Judge Learned Hand assumed that the remedy provided by Section 3822(a) was not exclusive, the contrary is now the law by reason of Adams v. United States Distributing Corp., supra. Since the remedy provided by Code Section 3822(a) is exclusive, and since the statute was in effect at the time the present charter of Farmers & Merchants Credit Corporation became effective, I am of the opinion that the only remedy available to the plaintiff here is the remedy provided by Code Section 3822(a) and that he must seek this remedy in the state courts specified in the statute. It is elementary that the general corporation law of the state in force at the time of the incorporation is a part of the contract between the corporation and its stockholders. The plaintiff here was legally put upon notice when he purchased his stock that in the event of merger his remedy would be as provided in Code Section 3822(a). It is therefore my conclusion that this court has no jurisdiction of this action.

But even if this court had jurisdiction, I would agree with Judge Hand, Weiss v. Routh, supra, that jurisdiction should not be exercised. There should be uniformity in the appraisal of the value of the stock of dissenting stockholders. If the District Court of every District where a dissenting stockholder resided and where service of process on the defendant corporation could be had, should undertake to appraise the value of dissenting stockholders' stock, as well as the courts of Virginia specified in Code Section 3822(a), the results might well be absurd.

It is therefore my conclusion to sustain defendant's motion to dismiss, and an order will be entered accordingly. Plaintiff will suffer no real prejudice by reason of such dismissal. The Virginia Courts specified in Code Section 3822(a), are open to him, for the assertion of his rights, just as they are available to all other dissenting stockholders.