BERGER, LIQUIDATOR, ET AL. *v.* BATA SHOE CO., INC., ET AL.

[No. 62, October Term, 1950.]

*Decided January 10, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MAR-KELL, JJ.

*Broadnax Cameron,* with whom were *Jacobs & Cameron* and *Sullivan & Cromwell,* on the brief, for appellants.

*Morris Rosenberg,* with whom was *Stewart O. Day,* on the brief, for appellees, Hoza et al.

*J. Glasgow Archer, Jr.,* for appellee, Bata Shoe Co., Inc.

HENDERSON, J., delivered the opinion of the Court.
This appeal is from an order of the Circuit Court for Harford County, in equity, sustaining demurrers to a bill of complaint and dismissing the bill. The bill is a derivative stockholders' suit against the officers and directors of a New York corporation doing a shoe manufacturing business in Maryland, to recover from

them or require them to account for certain payments made to Jan A. Bata or for his account, and to enjoin future payments. The bill alleges that a "large credit in an amount unknown to your orators was set up on the books of defendant corporation about 1939 for the account of Bata a. s., a Czechoslovakian corporation, to cover the costs of certain goods and your orators are credibly informed and verily believe and therefore allege that said credit was transferred on the books of the defendant corporation to said Jan A. Bata without any payment or consideration therefor and without any right on the part of said Jan A. Bata thereto." It is further alleged that in 1947 the corporation paid $10,000 to attorneys in the District of Columbia for services rendered to Jan A. Bata personally, and in 1949 during his visit to the plant furnished him with a house and automobiles and paid travelling expenses in an unknown amount for him and his family, without compensation to the corporation. It is not alleged, however, that these sums were not charged against his credit on the books, nor is it alleged that the original credit to Bata a. s. was improper.

Jan A. Bata is alleged to be now a resident of Brazil; he was made a party defendant but not served with process. All of the officers and directors except Donald M. Hill, Sr., were served with process, and filed demurrers, as did the corporate defendant. These demurrers challenge the standing of the complainants to sue under the somewhat unusual situation as to stock ownership and possession disclosed by the bill.

The bill alleges that the issued and outstanding stock of the defendant corporation and the holders of record thereof are as follows:

John Hoza ........................ 2200 shares
Vladimir Chlud ................... 600 shares
Ludvik Zapletal .................. 750 shares
Donald M. Hill, Sr. .............. 450 shares

Of the 2200 shares of record in the name of Hoza, certificates for 1600 shares are in a safe deposit box

of Chase Safe Deposit Company in New York City and ownership thereof is claimed on the one hand by Thomas J. Bata, and Marie Bata, only son and widow of Thomas Bata, deceased, and, on the other hand, by Jan A. Bata, half-brother of Thomas Bata, deceased. It would appear that Thomas Bata and John A. Bata were the founders of the business. Proceedings by Thomas and Marie Bata to secure possession of these certificates are pending in the Supreme Court of New York. Excerpts from testimony given by Hoza in that proceeding are filed as an exhibit with the bill. Hoza testified that since Thomas Bata died in 1932 he has been employed by and has taken his orders from Jan A. Bata.

The other 600 shares registered in the name of Hoza are represented by a certificate issued in 1940 to which is attached an irrevocable, undated stock power executed in blank by Hoza, reciting the assignment of the 600 shares represented by the certificate to Leader, A. G., a Swiss corporation, one of the complainants. The 600 shares registered in the name of Vladimir Chlud are represented by a certificate assigned by Chlud to Leader, A. G. in 1940. Both of these certificates and assignments are alleged to be in the possession of the law firm of Campbell, Harding, Goodwin and Danforth, having an office at 44 Wall Street, New York, who received them for and on behalf of Leader, A. G. following their issuance and assignment in 1940.

The complainant Hans Berger, liquidator of Transoceanique S. A., a Luxembourg corporation which was dissolved under the laws of Luxembourg on or about November 23, 1940, claims to be the owner of the 1200 shares registered in the names of Ludvik Zapletal and Donald M. Hill, Sr. Certificates representing these shares were also delivered to the law firm above mentioned in 1940, with executed assignments attached. Thus, the bill shows that 2400 shares, represented by 4 certificates, are now in the possession of the law firm and have been since 1940. It is alleged that said firm refuses to deliver any of these certificates to the complainants or

either of them, and that the complainants on or about April 1, 1949 instituted action against said firm in the Supreme Court of New York to secure possession. The bill alleges that Hoza, and the other registered holders of these shares, refuse to vote the stock standing in their names as requested by the complainants or to give proxies, but take their orders from Jan A. Bata; that although the complainants own a majority of the stock, they are unable to "depose the defendant Hoza and his satellities by the usual corporate processes." The bill alleges a conspiracy since 1945 by the officers and directors and Jan A. Bata to waste and dissipate the corporate assets in favor of the latter. The only specific acts of spoliation alleged are those above mentioned.

It is well established that where officers and directors are misappropriating or misapplying corporate funds a minority stockholder may sue in the name of the corporation to compel restitution. *Machen, Corporations* § 1143; *Foss v. Harbottle,* 2 Hare 461. "Such cases usually arise where the directors own or control a majority of the shares of stock, perpetuate themselves in authority, and defy the minority, and thus the stockholders would be without remedy unless the court interposed its aid". *Waller v. Waller,* 187 Md. 185, 191, 49 A. 2d 449, 453. Ordinarily, however, majority stockholders have no such right because it is within their power to oust the wrongdoers and cause the corporation to institute action. *Cf. Indurated Concrete Corp. v. Abbott,* 195 Md. 496, 74 A. 2d 17. According to the bill, the complainants are the owners of 2400 shares constituting 60 per cent of the outstanding stock. They explain their failure to use self-help by alleging that they are not stockholders of record and that they lack possession of the certificates representing their ownership.

From the very name of such suits it is apparent that a plaintiff must be a shareholder, although it is not always necessary that the plaintiff be a registered shareholder. *Machen, Corporations,* § 1164. The bill shows on its face that the certificates and assignments are in

custody of a New York law firm, which disputes the complainants' right to possession in a suit there pending. The defendant corporation is incorporated in New York and has its registry there. "The question of who are shareholders in a corporation is clearly a question of internal management of the corporation and is therefore not to be determined by a foreign state." *Beale, Conflict of Laws* § 192.5. See also *Wilkins v. Thorne*, 60 Md. 253, 254; *North State Copper & Gold Mining Co. v. Field*, 64 Md. 151, 154, 20 A. 1039; *O'Hara v. Frenkil*, 155 Md. 189, 193, 141 A. 528; *Ortman v. Coane*, 181 Md. 596, 603, 31 A. 2d 320, 145 A. L. R. 1388; Restatement, Conflict of Laws, § 192. *Cf. Beasley v. Mutual Housing Co.*, 59 App. D. C. 245, 39 F. 2d 290.

The situs of both the certificates and the registry being in New York, Maryland clearly has no jurisdiction in *rem.* Nor does it have jurisdiction in *personam.* The New York law firm, claiming the right to possession on its own behalf, or on behalf of Jan A. Bata or others, is not a party to the suit here. It follows that on the face of the bill complainants have failed to establish their standing to maintain the suit.

We find nothing to the contrary in the cases cited by the appellants. In *Baum v. Sporburg*, 146 App. Div. 537, 131 N. Y. S. 267, it was held that the equitable owner of stock in a corporation under a will, legal title being in the executor, could sue to protect his interests and those of other stockholders. The court had all the parties in interest before it, and title to the shares was not in issue. In *O'Conner v. International Silver Co.*, 68 N. J. Eq. 67, 59 A. 321, 324, (Affirmed in 68 N. J. Eq. 680, 62 A. 408) it was held that one having a "clear title to the shares of stock, with the immediate right to have the stock transferred on the books of the company", might sue although not a stockholder of record. It does not appear that there was any dispute as to ownership, or that the corporation in question was a foreign one. This case was followed in *Gallup v. Caldwell*, 3 Cir., 120 F. 2d 90, applying the New Jersey law.

But the complainant's ownership was not contested; it was merely contended that she could not sue unless a stockholder of record. In *Rosenthal v. Burry Biscuit Corp.,* Del. Ch., 60 A. 2d 106, it was merely held that the equitable but unregistered owner of stock in a Delaware corporation might maintain a derivative action in Delaware. In *Willcox v. Harriman Securities Corp.,* (D. C. S. D. N. Y.), 10 F. Supp. 532, it was recognized that one must first establish at least an equitable ownership of stock before a derivative action would lie; but it was held that there was no misjoinder of the causes of action, but both actions might proceed together. See *Barnett v. Ground,* 304 Mo. 593, 263 S. W. 836, *contra* on this point. The defendant corporation was a domestic corporation and all the possible claimants were before the court. In federal cases, of course, the question is usually one of convenience rather than power, so far as foreign corporations are concerned. *Cf. Rogers v. Guaranty Trust Co.,* 288 U. S. 123, 132, 53 S. Ct. 295, 77 L. Ed. 652; *Overfield v. Pennroad Corp.,* 3 Cir., 113 F. 2d 6; *Koster v. Lumbermens Mutual Cas. Co.,* 330 U. S. 518, 67 S. Ct. 828, 91 L. Ed. 1067.

If we possessed the power to adjudicate the issue as to ownership, it is doubtful whether it should be exercised even on grounds of convenience. If the New York courts should decide that the complainants are not entitled to the certificates, the basis for a derivative suit here would be vitiated; if they should decide that the complainants are entitled, a derivative suit would be unnecessary. Moreover, we find no urgent reasons in the allegations of the bill for the assumption or retention of jurisdiction to protect the corporate assets.

It is not suggested that the defendant corporation, or any of its officers or directors, are insolvent or about to abscond. No receivership is prayed. In any event, we think a decision on the merits as to spoliation must await the determination of the pending New York action in regard to stock ownership. In view of our conclusion

on this point it is unnecessary to consider whether Vladimir Chlud is a proper party complainant.

*Order affirmed, with costs.*