Virginia W. SHERIDAN, individually;
Virginia W. Sheridan, Trustee for John
Edward Sheridan, Jr.; Irene V. Sheri-
dan; Brian M. Sheridan and Linda
Sheridan, minors; and John Edward
Sheridan, 6240 Wissahickon Avenue,
Philadelphia 44, Pennsylvania

v.

AMERICAN MOTORS CORPORATION.

Civ. A. No. 18484.

United States District Court
E. D. Pennsylvania.

July 1, 1955.

John Edward Sheridan, Philadelphia, Pa., for plaintiffs.

Charles J. Biddle, Philadelphia, Pa., for defendant.

GRIM, District Judge.

In June, 1954, a Michigan corporation, Hudson Motor Car Company, merged with and into a Maryland corporation, Nash-Kelvinator Corporation, in such a way that Nash-Kelvinator Corporation became the surviving corporation with its name changed to American Motors Corporation. Plaintiffs were the owners of 4500 shares of Nash-Kelvinator Corporation at the time of the merger. They voted against the merger of the two corporations. They have filed this suit in equity requesting that three appraisers be appointed to determine the fair value of their shares at the time of the merger and (although it is not clearly requested) to require American Motors Corporation, the defendant, to pay to them the fair value of their shares at the time of the merger. Plaintiffs aver that the value of their shares at the time of the merger was $34.85 a share. At this valuation each plaintiff owns more than $3,000 worth of shares in American Motors Corporation. This court has diversity jurisdiction of the action since all the plaintiffs are citizens of Pennsylvania and defendant is a Maryland corporation.

Maryland statutory law[1] permits and provides for the merger of corporations foreign to Maryland with Maryland corporations. It provides also that a shareholder who objects to the merger has the right to collect from the surviving corporation the fair value of his shares at the time of the merger provided he "* * * (1) shall prior to, or at, the meeting of stockholders file with such corporation objection in writing to the proposed action submitted; (2) shall not vote in favor of such action; (3) shall within twenty days after the articles of * * * merger * * * have been accepted for record by the Commission, make upon the consolidated corporation * * * written demand for payment of his stock * * *." It is alleged in the Complaint that plaintiffs have properly complied with all these requirements of the law of Maryland.

▉ Defendant has filed a motion to dismiss the action, contending, among other things, that this court should not entertain jurisdiction of the case because the case involves a question concerning the management of the internal affairs of a foreign corporation.

In the Restatement of the Law of Conflict of Laws, Sec. 191, p. 279, it is said:

"If a foreign corporation is subject to the jurisdiction of a state * * *, and if there is no constitutional limitation upon the exercise of jurisdiction over the foreign corporation, a state is in a position where it can exercise jurisdiction through its courts in actions concerning even the internal affairs of the corporation * * * Such a state, however, does not always exercise jurisdiction in these matters. It may, if it chooses, decline to do so. Whether or not a state will exercise jurisdiction in such actions against a foreign corporation or its officers depends upon the *principal* of judicial discretion. * * *"

The question in the present case is whether or not in the exercise of its judicial discretion this court should entertain jurisdiction of the present case.

▉ In Weiss v. Routh, 149 F.2d 193, 196, 159 A.L.R. 658, the United States Court of Appeals for the Second Circuit had the same problem before it. In that case plaintiffs, who were shareholders in a Virginia corporation, brought an action in a New York state court, which was removed to the United States District Court for the Southern District of New York, seeking to recover the alleged loss in value of 500 shares of the common stock of the Virginia corporation resulting from its merger with a Delaware corporation. The District Court decided the case on its merits in favor of the defendants, but the Court of Appeals for the Second Circuit on its own motion and in the exercise of its judicial discretion dismissed the complaint on the ground that the District Court should have refused to entertain the action. Judge Learned Hand pointed out that if actions (which in effect are) to recover the fair value of corporation shares after a merger were permitted outside the state of incorporation "* * * it would be an onerous added burden upon the corporation to subject it to suit in any foreign forum where a shareholder could serve it; and, moreover, there would be no uniformity in the recoveries, and therefore no equality of treatment between the dissentients."

The Weiss case involved the Virginia merger statute[2] which is almost identical with the Maryland merger statute under which the present action has been brought. In deciding not to entertain jurisdiction of the Weiss case the Court of Appeals for the Second Circuit followed the law as it had been laid down by the New York state courts. In the present case this court should follow the applicable law of Pennsylvania. I have found no Pennsylvania case squarely in

1. Maryland Corporation Law, Chap. 23, Sec. 69.

2. General Corporation Law of Virginia, Code 1942, Sec. 3822.

point with the present case. However, the many cases concerning the exercise of jurisdiction over foreign corporations by the Pennsylvania state courts indicate that the New York rule announced in the Weiss case would be followed in Pennsylvania if the problem were to arise. Therefore, the reasoning and decision of the Court of Appeals for the Second Circuit in the Weiss case will be followed in the present case.[3]

Defendant's motion to dismiss the action will be granted.

3. See also McGhee v. General Finance Corporation, D.C.W.D.Va.1949, 84 F.Supp. 24.