Helen KIMMEL, individually and as Trustee U/W Milton A. Kimmelman FBO Helen Kimmelman, Plaintiffs,

v.

William W. WIRTZ, Arthur M. Wirtz, Jr., W. Rockwell Wirtz, Kenneth E. Scranton, Bruce W. MacArthur, Wirtz Corporation, Consolidated Enterprise, Inc., Wirtz Realty Corporation, Forman Realty Corporation, American Mart Corporation, and 333 Building Corporation, Defendants.

No. 91 C 117.

United States District Court, N.D. Illinois, E.D.

June 5, 1992.

Todd G. Zimmerman, Jonathan G. Bunge, Keck, Mahin & Cate, James K. Meguerian, D'Ancona & Pflaum, Norman G. Berger, William I. Goldberg, Michael J. Silverman, Holleb & Coff, Chicago, Ill., for plaintiffs.

Thomas Aquinas Reynolds, III, Winston & Strawn, Chicago, Ill., David W. Sturges, Gislason, Dosland, Hunter & Malecki, New Ulm, Minn., Donald F. Hunter, Barry G. Vermeer, Gislason, Dosland, Hunter & Malecki, Minnetonka, Minn., for defendants.

MEMORANDUM OPINION
AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

Plaintiff Helen Kimmel ("Kimmel") brought this action against defendants William W. Wirtz, Arthur M. Wirtz, Jr., W. Rockwell Wirtz, Kenneth E. Scranton, Bruce W. McArthur, Wirtz Corporation, Consolidated Enterprise, Inc. Forman Realty Corporation ("Forman"), American Mart Corporation ("American Mart"), and 333 Building Corporation ("333 Building"). In her original complaint, the plaintiff claimed that the defendants failed to pay dividends, the directors and officers of Forman, American Mart, and 333 Building breached fiduciary duties to the corporations and their minority shareholders, she was enti-

tled to redemption of the preferred shares she holds in 333 Building, and Foreman, American Mart, and 333 Building should have been dissolved and the liquidated proceeds distributed to the shareholders.

The defendants subsequently moved for a dismissal of the case pursuant to Federal Rule of Civil Procedure 12(c). Of particular interest to the motion currently pending before this court, the defendants sought the dismissal of Count IV of the plaintiff's complaint. In Count IV, the plaintiff requested the dissolution of Forman, 333 Building, and American Mart and the distribution of the liquidated proceeds pursuant to Section 12.50 ("Section 12.50") of the Illinois Business Corporations Act ("IBCA"). 32 Ill.Ann.Stat. § 12.50. In the alternative, the plaintiff sought an order directing Forman, American Mart, and 333 Building to purchase plaintiff's shares in these corporations at fair value as determined by this court pursuant to Section 12.55 ("Section 12.55") of the IBCA. 32 Ill.Ann.Stat. § 12.55.

On December 17, 1991, the court granted the defendants' motion to dismiss Count IV on behalf of American Mart and 333 Building and denied it on behalf of Foreman.[1] The court's determination was based on the conclusion that Section 12.50, and the alternative remedy established under Section 12.55, could not be applied to American Mart and 333 Building. The law of a party's state of incorporation generally controls in cases involving substantive corporate law issues. American Mart and 333 building were incorporated in Delaware. Since the court determined that a request for dissolution of a corporation raised a significant substantive law issue, the court found that only Delaware law could be applied to determine the liability of these foreign corporations.

Plaintiff Kimmel has subsequently withdrawn her claims pursuant to Section 12.50 with respect to all the defendants and now seeks leave to amend her complaint to obtain a money judgment against Forman, American Mart and 333 Building pursuant to Section 12.55. The defendants object to the application of this statute to American Mart and 333 Building because they are foreign corporations. For the reasons stated below, the court denies the plaintiff's motion.

### The Motion to Amend Plaintiff's Complaint

Leave to amend is generally "freely given as justice requires." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits" unless there is evidence of undue delay, bad faith, dilatory motives, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, or futility of the amendment. *Id.*

In the instant action, the plaintiff seeks to amend her complaint to include a claim for monetary relief pursuant to Section 12.55. The defendants do not contest the application of Section 12.55 to Foreman, but they do contest its application to American Mart and 333 Building. As previously noted, this court has already determined that Section 12.50 could not be applied to American Mart and 333 Building because that provision raises a significant substantive law issue which must be determined according to Delaware law, the law of American Mart's and 333 Building's state of incorporation. According to the defendants, Section 12.55 is only intended to be an alternative remedy to Section 12.50 and this court should not apply Section 12.55 to American Mart and 333 Building.

This court recognizes that Section 12.55 provides an alternative remedy to Section 12.50 as the defendants suggest. However, Section 12.55 also provides an independent basis for relief. As Section 12.55 states:

(a) In either an action for dissolution pursuant to Section 12.50 *or in an action which alleges the grounds for dis-*

---

1. With respect to Counts I, II, and III, this court denied the defendants' motion to dismiss.

*solution set forth in Section 12.50 but which does not seek dissolution,* the Circuit Court, in lieu of dismissing the action or ordering dissolution, may retain jurisdiction and ... (f) ... may order the corporation to purchase the shares of the complaining shareholder at a fair price determined by the court ...

32 Ill.Ann.Stat. § 12.55 (emphasis added). In her proposed amended complaint, the plaintiff only seeks to raise a claim under the second alternative established under Section 12.55. The language of the statute clearly provides for such independent relief as long as the plaintiff makes the appropriate allegations. Since Section 12.55 provides for a separate and distinct cause of action from Section 12.50, the court will not deny the plaintiff leave to amend her complaint based upon the court's earlier conclusion that Section 12.50 could not be applied to American Mart and 333 Building.

 Having determined that a separate cause of action can be brought under Section 12.55, the court must now determine whether an independent Section 12.55 claim can be brought against foreign corporations such as American Mart and 333 Building. The law of a party's state of incorporation generally controls in cases involving substantive corporate law issues. *Seidel v. Allegis Corp.,* 702 F.Supp. 1409, 1410 (N.D.Ill.1989); *Millsap v. Central Wisconsin Motor Transport Co.,* 41 Ill. App.2d 1, 189 N.E.2d 793 (1963). However, under Illinois law, foreign corporations seeking to do business in Illinois, in certain circumstances, can be held to the same duties and liabilities as Illinois corporations. Section 13.10 of the IBCA provides that foreign corporations receiving a certificate of authority to conduct business in Illinois shall enjoy the same rights and privileges as domestic corporations and "except as in Section 13.05 otherwise provided with respect to the organization and internal affairs of a foreign corporation and except as elsewhere in this Act otherwise provided, shall be subject to the same duties, restrictions, penalties, and liabilities now or hereafter imposed upon a domestic corporation of like character." 32 Ill.Ann. Stat. § 13.10 ("Section 13.10").

Plaintiff contends that based upon Section 13.10, liability can be imposed upon American Mart and 333 Building pursuant to Section 12.55. The plaintiff claims that American Mart and 333 Building can be held liable under Section 12.55 because her Section 12.55 claim for monetary relief will not affect the internal affairs of these foreign corporations as is required under Section 13.10. The defendants counter that the granting of monetary relief pursuant to Section 12.55 would affect the organization and internal affairs of American Mart and 333 Building in contravention of the express language of Section 13.10. *See* 32 Ill.Ann.Stat. § 13.10.

It is often difficult to draw a distinct line between those acts which are related to or affect the internal affairs of a corporation and those which do not. The Illinois Supreme Court has provided some examples of issues affecting the internal affairs of corporations including suits to dissolve corporations, to appoint receivers, to prevent or compel the declaration of a dividend or issue of stock, to compel a division of assets, and to restore a shareholder's right to vote. *See Babcock v. Farwell,* 245 Ill. 14, 91 N.E. 683, 690 (1910). This list is by no means exclusive and no court in this jurisdiction has specifically addressed whether suits under Section 12.55 affect the internal affairs of a corporation.

In determining whether monetary relief under Section 12.55 could affect the internal affairs of American Mart and 333 Building, this court is persuaded by the line of inquiry undertaken by the court in *Poe v. Marquette Cement Manufacturing Co.,* 376 F.Supp. 1054 (N.D.Md.1974). In *Poe,* the court established:

That where the act complained of affects the complainant solely in his capacity as a member of the corporation, whether it be as stockholder, director, president, or other officer, and is the act of the corporation, whether acting in stockholders' meeting, or through its agents, the board of directors, that then such action is the management of the internal affairs of the corporation, and in case of a foreign corporation, our courts will not take jur-

isdiction. Where, however, the act of the foreign corporation complained of affects the complainant's individual rights only, then our courts will take jurisdiction, whenever the cause of action arises here. *Id.* at 1057 (citing *North State Copper and Gold Mining Co. v. Field,* 64 Md. 151, 154, 20 A. 1039 (1885)). Relying upon this line of inquiry, the *Poe* court determined that the plaintiff's request for a monetary judgment against the defendant foreign corporation would not disrupt or interfere with the corporation's internal affairs. *Id.* The plaintiff only sought to recover the fair value of his stock because he dissented from approval of a merger of the corporation. Since the court found that only the plaintiff's individual rights were affected, it determined that it would not be wrongfully interfering in the internal affairs of a foreign corporation by accepting jurisdiction over this case. *Id.* at 1056–57.[2]

Unlike the rights asserted by the plaintiff in *Poe,* the rights asserted by the plaintiff in the instant case could affect the internal affairs or organization of American Mart and 333 Building. In this case, the plaintiff claims that the defendants breached their fiduciary duties to the corporations and their minority shareholders. This allegation clearly does not raise a claim applicable only to Kimmel because the acts complained of affect Kimmel in her capacity as a shareholder of the corporations. Thus, as the defendants suggest, other minority shareholders equally affected by the corporations' actions might be entitled to the same relief as Kimmel. Such claims could easily interfere with the internal affairs and organization of American Mart and 333 Building if the corporations are forced to purchase such plaintiffs' stock. Such relief could require the payment of substantial sums of money which may not be readily available. Since the acts complained of do not only individually

affect plaintiff Kimmel, Delaware law must be relied upon to determine American Mart's and 333 Building's liability, and not Section 12.55 of the IBCA as the plaintiff suggests. *See Id.* at 1057.

This court's determination is similar to the court's determination in *Lakeman Realty Corp. v. Sunny Isles Ocean Beach Co.,* 5 Misc.2d 471, 160 N.Y.S.2d 947 (1957). In *Lakeman,* the plaintiff sought to compel the redemption of stock and the payment of cumulative dividends from the defendant company which was allegedly in the process of dissolving. The court determined that the law of the state of the defendant's incorporation should govern because judgments in favor of shareholders seeking redemption, such as the plaintiff in this case, might interfere with internal corporate affairs. *Id.* 160 N.Y.S.2d at 949. More importantly, the court stated that "Even in the absence of the pendency of any dissolution proceedings, a judgment requiring redemption of the preferred stock and the payment of accrued dividends to one stockholder might place the corporation under a duty to redeem all of its preferred stock and pay all of the accumulated dividends." *Id.* The court found that this event might illegally impair the capital of the defendant corporation, necessitate a change in its corporate structure, or otherwise involve the internal affairs of the corporation which should properly be governed by the laws of its state of incorporation. *See Id.*

In the alternative, the plaintiff asserts that the court should use our equitable powers to order a purchase of plaintiff's shares in American Mart and 333 Building. In our December 17 order, this court recognized that "the state of Delaware has a strong interest in the formation and termination of corporations under its laws and the uniform development and application of the statutory scheme that the

---

**2.** The court compared the rights asserted by the plaintiff to those of an individual creditor seeking payment from the defendant corporation. As the court stated:

It could hardly be contended that where jurisdiction and venue exist, as they do in this case, a creditor would not be entitled in Maryland to sue a foreign corporation because

such a suit would interfere with the internal affairs of such corporation. In asserting the claims here and their intention to cease being stockholders, plaintiffs assert rights more akin to those of a creditor of a corporation than to those of a stockholder.

376 F.Supp. at 1056–57.

state legislature and courts have created to regulate those corporations." *See In re English Seafood (USA), Inc.*, 743 F.Supp. 281, 289 (D.Del.1990). Like Section 12.55, asserting our equitable powers to require American Mart and 333 Building to purchase the plaintiff's stock would directly interfere with the internal affairs of these Delaware corporations and the state of Delaware's strong interest in regulating substantive corporate law issues. Such interference would be inappropriate. This court therefore denies plaintiff's motion to amend her complaint to include a claim for monetary relief against American Mart or 333 Building pursuant to Section 12.55 or this court's federal equitable powers.

### Conclusion

For the reasons stated above, plaintiff's motion to amend her complaint to include a claim for monetary relief against defendants American Mart Corporation or 333 Building Corporation pursuant to 32 Ill. Ann.Stat. § 12.55 or the court's federal equitable powers is denied.